UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DEROSSI | : | |
|    Plaintiff | : | CIVIL ACTION NO. |
| | : | 3-02-cv-247 (JCH) |
| v. | : | |
| | : | |
| NATIONAL LOSS MANAGEMENT, | : | DECEMBER 4, 2003 |
| ET AL | : | |
|    Defendants | : | |

**RULING RE: PLAINTIFF'S REQUEST
TO AMEND COMPLAINT [DKT. NO. 16]**

The plaintiff has requested leave to amend his Complaint and defendants object. A brief history of this case will be helpful to understanding the court's Ruling in granting that request for leave.

This case was removed upon a Notice of the defendants on February 11, 2002. At that time, counsel for the defendant stated that:

> "Plaintiff, John DeRossi (hereinafter "DeRossi"), commenced this action against defendants in the Superior Court of the Judicial District of New Haven at New Haven, by filing an application for order to proceed with arbitration dated January 11, 2002, Summons and Complaint dated January 9, 2002, and Order dated January 17, 2002. A true copy of plaintiff's application for order to proceed with arbitration, summons and complaint, and order are annexed hereto as Exhibit A."

Dkt. No. 1. However, what is attached as Exhibit A is a copy of correspondence between counsel for plaintiff and defendant. Directly attached to the Notice, and not identified as an exhibit, is a return of service of the application order, etc., but attached thereto is merely a

copy of the application and the order and certification into court. The summons and complaint was filed with the Notice of Removal, but they immediately follow, without a separate exhibit identification, the tab marked "F" which contained a further copy of a correspondence between plaintiff's counsel and defendant's counsel. In the Notice of Removal, defendant's counsel represented that the application, summons and complaint, and order were served on the three defendants on January 24, 2002 or thereafter.

The defendants object to the request to leave on the grounds that the state court Clerk's Office merely docketed the "Motion for Arbitration" on January 16, 2002. Thus, defendants argue that all that was removed to this court was a dispute involving a marine insurance policy and the alleged failure of the defendants to "arbitrate" according to its terms. Defendants complains that the allowance of the proposed Amended Complaint would permit the plaintiff, four years after the alleged incident, to file a Complaint through the "back door" when the contract of insurance is governed by a one-year statute of limitations.

The plaintiff asserts that defendants' counsel has misled the court because the state court Clerk's Office printout, attached to defendants' objection, does not reflect the filing of a summons or complaint, but merely lists the "motions/pleadings/objections."

The court is not familiar with the state court Clerk's Office computerized document system. However, even assuming that the summons and complaint should have been

separately listed on this "case detail" listing of "motions/objections/pleadings," the court would still overrule defendants' objection and permit the filing of the Amended Complaint.

The court notes that Conn. Gen. Stat. §52-410 provides for an "application" for court order to proceed with arbitration. That section of the Connecticut statutes provides for a party to a written arbitration agreement to "make application" to the Superior Court. While it further provides for a form of Complaint, that form is discretionary to the plaintiff. The statute does require that the "application shall be, by writ of summons and complaint, served in the manner provided by law." Conn. Gen. Stat. §52-410. The plaintiff filed such an application with a writ of summons and complaint and served the same together upon the defendants. While technically the relief sought in the "Application" should have been reiterated in the original Complaint, clearly the state court did not view this as a defect. The state court (Monro, J.) signed the proposed plaintiff's Order setting a hearing on the Application.

The plaintiff has clearly established that, in January 2002, he served the defendants with the original writ of summons and complaint, along with the application for an Order to Proceed with Arbitration, the court's Order setting a hearing on such application, and the certification into court. The case was removed by the defendants before the return date, and in this case apparently before plaintiff filed the sheriff's return in court. However, the plaintiff has produced copies of that return, which clearly show that all of the pleadings,

including the summons and complaint, were served upon the defendants in January of 2002. Given the defendant's admission in its Notice of Removal that the summons and complaint, along with the application for Order, and an Order to Show Cause in the same, were filed by the plaintiff when the plaintiff "commenced this action" against the defendants in the state court, and given the fact that the proposed "Amended Complaint" is essentially identical to the original Complaint served upon the defendants in January, 2002,[1] the court finds that the proposed Amended Complaint amends a complaint which has been in effect since January 2002, and further that the amendments are of such a nature as to cause no harm to the defendants. Therefore, the court grants the Request for Leave to Amend.

**SO ORDERED.**

    Dated at Bridgeport, Connecticut this 4th day of December, 2003.

_____
Janet C. Hall
United States District Judge

---

[1] The only changes the court observes are to the addition of language in paragraph 20 adding statute-of-limitations language, the addition of bad faith allegations in Counts 3 and 9, and the withdrawal of Count 6, are essentially the only material changes the court observes.