UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 FEB 24  P 2: 53

------------------------------------X
JOHN DeROSSI
      Plaintiff,

-against-    Case No. 3:02CV247(JCH)

NATIONAL LOSS MANAGEMENT,    February 23, 2004
NATIONAL MARINE UNDERWRITERS, INC.,
and HANOVER INSURANCE COMPANY
      Defendants.
------------------------------------X

### 28 U.S.C. §1746 STATEMENT OF RICHARD J. LOGAN, JR. IN SUPPORT OF DEFENDANTS NATIONAL LOSS MANAGEMENT, NATIONAL MARINE UNDERWRITERS, INC. AND HANOVER INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

1. That I make this statement based on my personal knowledge and on my review of the file relating to the claims made by John DeRossi.

2. That I, Richard J. Logan, Jr. was the President of National Loss Management from 1990 to and including October 2002.

3. That during the aforementioned time period, Hanover Insurance Company had a contract with National Marine Underwriters, Inc. ("National Marine Underwriters") by which National Marine Underwriters acted as broker for Hanover Insurance Company with respect to any and all marine insurance policies that might be issued in the name of Hanover Insurance Company.

4. But for the contract entered into between Hanover Insurance Company and National Marine Underwriters, Hanover Insurance Company would not have underwritten any marine risks.

1

5. That during the same period of time, Hanover Insurance Company entered into a contract with National Loss Management, Inc. ("National Loss Management") wherein Hanover Insurance Company contracted with National Loss Management to handle all of the claims which might be made against any of the marine insurance policies that had been underwritten by National Marine Underwriters on behalf of Hanover Insurance Company.

6. That the marine insurance policy issued to plaintiff John DeRossi (Policy No. 99-103-0188) directed Mr. DeRossi to contact National Loss Management if he needed to submit a claim with respect to any loss he might have suffered that fell under the coverage afforded by Policy No. 99-103-0188.

7. That I have reviewed the file concerning the claims that John DeRossi submitted with respect to Policy No. 99-103-0188.

8. That the file relating to Policy No. 99-103-0188 indicates that John DeRossi submitted his claims to National Loss Management and only National Loss Management was involved in investigating and adjusting John DeRossi's claims as per its contract with Hanover Insurance Company.

9. That the aforementioned files indicate that John DeRossi had absolutely no contact with either National Marine Underwriters or Hanover Insurance Company with respect to his claim which forms the basis of the lawsuit he has brought against National Loss Management, National Marine Underwriters and Hanover Insurance Company.

10. That based on my review of the file and on my personal knowledge, I can unequivocally state that no one employed by Hanover Insurance Company or National Marine Underwriters has been involved in the adjustment of John DeRossi's claim.

11. That all of the correspondence that was sent on behalf of John DeRossi by his attorney, Kevin P. Walsh, Esq., was directed to National Loss Management and not to either National Marine Underwriters or Hanover Insurance Company.

12. That John DeRossi submitted a claim on or about October 29, 1999, for which National Marine Underwriters paid the sum of $10,465.51.

13. That in June 2000, John DeRossi submitted a second claim.

14. That following the submission of John DeRossi's second claim, National Marine Underwriters appointed a certified marine surveyor, Captain David A. Page, to examine the second claim and the cause of the loss.

15. That Captain David A. Page, following his survey, et cetera, determined that the second claim/loss resulted from wear and tear, a non-covered loss.

16. That attached as Exhibit A hereto is a complete copy of National Loss Management's file relating to John DeRossi's claims, up until the time that defendant National Loss Management retained counsel.

17. That following the date that National Loss Management retained counsel, no communications were received directly by National Loss Management from either plaintiff John DeRossi or his counsel, Kevin P. Walsh, Esq.

Dated: Annapolis, Maryland
       February 23, 2004

I declare under penalty of perjury that the foregoing is true and correct. (28 U.S.C. § 1746)

_____
RICHARD J. LOGAN, JR.

DeRossiLogan1746Statement.doc

3