UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
JOHN DeROSSI
          Plaintiff,

                                          Case No. 3:02CV247(JCH)

  -against-

NATIONAL LOSS MANAGEMENT,           February 27, 2004
NATIONAL MARINE UNDERWRITERS, INC.,
and HANOVER INSURANCE COMPANY
          Defendants.
------------------------------------X

ANSWER

Defendants National Loss Management, National Marine Underwriters, Inc., and Hanover Insurance Company, by their attorneys, Lovejoy & Associates, allege upon information and belief as follows:

FIRST COUNT (As Against National Marine Underwriters)

    1.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the First Count of the Complaint.

    2.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the First Count of the Complaint.

    3.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the First Count of the Complaint.

    4.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the First Count of the Complaint.

    5.    Deny the allegations contained in paragraph "5" of the First Count of the Complaint.

FILED

6. Admit that National Marine Underwriters is a Maryland corporation, but deny the remainder of paragraph "6" of the First Count of the Complaint.

7. Admit the allegations contained in paragraph "7" of the First Count of the Complaint.

8. Admit the allegations contained in paragraph "8" of the First Count of the Complaint.

9. Deny the allegations contained in paragraph "9" of the First Count of the Complaint.

10. Admit the allegations contained in paragraph "10" of the First Count of the Complaint.

11. Deny the allegations contained in paragraph "11" of the First Count of the Complaint.

12. Admit with respect to paragraph "12" of the Fourth Count of the Complaint that National Marine Underwriters, pursuant to its contract with Hanover Insurance Company, issued the said insurance policy on Hanover Insurance Company's paper.

13. Deny the allegations contained in paragraph "13" of the First Count of the Complaint.

14. Deny the allegations contained in paragraph "14" of the First Count of the Complaint.

15. Admit that that part of paragraph "15" of the First Count of the Complaint that avers the said vessel was insured, but deny that the occurrence was an insured event.

16. Admit that that part of paragraph "16" of the First Count of the Complaint that avers that defendant National Loss Management requested an appraisal, but deny that the appraisal was limited solely to the subject of the amount of the loss.

17. Admit that each party was to select an appraiser, but deny the last sentence of paragraph "17" of the First Count of the Complaint.

18. Admit with respect to paragraph "18" of the First Count of the Complaint that plaintiff selected Mr. Anderson as his appraiser.

19. Admit in respect to paragraph "19" of the First Count of the Complaint that the appraisers were to determine the cause of the loss.

20. Deny the allegations contained in paragraph "20" of the First Count of the Complaint.

21. Deny the allegations contained in paragraph "21" of the First Count of the Complaint.

22. Deny the allegations contained in paragraph "22" of the First Count of the Complaint.

SECOND COUNT (As Against National Marine Underwriters)

23. Defendants National Loss Management, National Marine Underwriters, Inc., and Hanover Insurance Company repeat and reallege the allegations in paragraphs 1 through 22 as if fully set forth herein.

24. Deny the allegations contained in paragraph "21" of the Second Count of the Complaint.

25. Deny the allegations contained in paragraph "22" of the Second Count of the Complaint.

THIRD COUNT (As Against National Marine Underwriters)

26. Defendants National Loss Management, National Marine Underwriters, Inc., and Hanover Insurance Company repeat and reallege the allegations in paragraphs 1 through 25 above as if fully set forth herein.

27. Deny the allegations contained in paragraph "21" of the Third Count of the Complaint.

28. Deny the allegations contained in paragraph "22" of the Third Count of the Complaint.

29. Deny the allegations contained in paragraph "23" of the Third Count of the Complaint.

30. Deny the allegations contained in paragraph "24" of the Third Count of the Complaint.

FOURTH COUNT (As Against National Loss Management)

31. Defendants National Loss Management, National Marine Underwriters, Inc., and Hanover Insurance Company repeat and reallege the allegations in paragraphs 1 through 30 above as if fully set forth herein.

32. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Fourth Count of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the Fourth Count of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the Fourth Count of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Fourth Count of the Complaint.

36. Deny the allegations contained in paragraph "5" of the Fourth Count of the Complaint.

37. Admit that National Loss Management is a Maryland corporation, but deny the remainder of paragraph "6" of the Fourth Count of the Complaint.

38. Admit the allegations contained in paragraph "7" of the Fourth Count of the Complaint.

39. Admit the allegations contained in paragraph "8" of the Fourth Count of the Complaint.

40. Deny the allegations contained in paragraph "9" of the Fourth Count of the Complaint.

41. Admit the allegations contained in paragraph "10" of the Fourth Count of the Complaint.

42. Deny the allegations contained in paragraph "11" of the Fourth Count of the Complaint.

43. Admit with respect to paragraph "12" of the Fourth Count of the Complaint that National Marine Underwriters, pursuant to its contract with Hanover Insurance Company, issued the said insurance policy on Hanover Insurance Company's paper.

44. Deny the allegations contained in paragraph "13" of the Fourth Count of the Complaint.

45. Deny the allegations contained in paragraph "14" of the Fourth Count of the Complaint.

46. Admit that that part of paragraph "15" of the Fourth Count of the Complaint that avers the said vessel was insured, but deny that the occurrence was an insured event.

47. Admit that that part of paragraph "16" of the Fourth Count of the Complaint that avers that defendant National Loss Management requested an appraisal, but deny that the appraisal was limited solely to the subject of the amount of the loss.

48. Admit that each party was to select an appraiser, but deny the last sentence of paragraph "17" of the Fourth Count of the Complaint.

49. Admit with respect to paragraph "18" of the Fourth Count of the Complaint that plaintiff selected Mr. Anderson as his appraiser.

50. Admit in respect to paragraph "19" of the Fourth Count of the Complaint that the appraisers were to determine the cause of the loss.

51. Deny the allegations contained in paragraph "20" of the Fourth Count of the Complaint.

52. Deny the allegations contained in paragraph "21" of the Fourth Count of the Complaint.

53. Deny the allegations contained in paragraph "22" of the Fourth Count of the Complaint.

FIFTH COUNT (As Against National Loss Management)

54. Defendants National Loss Management, National Marine Underwriters, Inc., and Hanover Insurance Company repeat and reallege the allegations in paragraphs 1 through 53 above as if fully set forth herein.

55. Deny the allegations contained in paragraph "21" of the Fifth Count of the Complaint.

56. Deny the allegations contained in paragraph "22" of the Fifth Count of the Complaint.

SIXTH COUNT (As Against National Loss Management)

Withdrawn

SEVENTH COUNT (As Against Hanover Insurance Company)

57. Defendants National Loss Management, National Marine Underwriters, Inc., and Hanover Insurance Company repeat and reallege the allegations in paragraphs 1 through 56 above as if fully set forth herein.

58. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Seventh Count of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the Seventh Count of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the Seventh Count of the Complaint.

61. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Seventh Count of the Complaint.

62. Deny the allegations contained in paragraph "5" of the Seventh Count of the Complaint.

63. Admit that National Marine Underwriters is a Maryland corporation, but deny the remainder of paragraph "6" of the Seventh Count of the Complaint.

64. Admit the allegations contained in paragraph "7" of the Seventh Count of the Complaint.

65. Admit the allegations contained in paragraph "8" of the Seventh Count of the Complaint.

66. Deny the allegations contained in paragraph "9" of the Seventh Count of the Complaint.

67. Admit the allegations contained in paragraph "10" of the Seventh Count of the Complaint.

68. Deny the allegations contained in paragraph "11" of the Seventh Count of the Complaint.

69. Admit the allegations contained in paragraph "12" of the Seventh Count of the Complaint, that National Marine Underwriters pursuant to its contract with Hanover Insurance Company issued the said marine insurance policy on Hanover Insurance Company paper.

70. Deny the allegations contained in paragraph "13" of the Seventh Count of the Complaint.

71. Deny the allegations contained in paragraph "14" of the Seventh Count of the Complaint.

72. Admit that that part of paragraph "15" of the Seventh Count of the Complaint that avers the said vessel was insured, but deny that the occurrence was an insured event.

73. Admit that that part of paragraph "16" of the Seventh Count of the Complaint that avers that defendant National Loss Management requested an appraisal, but deny that the appraisal was limited solely to the subject of the amount of the loss.

74. Admit that each party was to select an appraiser, but deny the last sentence of paragraph "17" of the Seventh Count of the Complaint.

75. Admit with respect to paragraph "18" of the Seventh Count of the Complaint that plaintiff selected Mr. Anderson as his appraiser.

76. Admit in respect to paragraph "19" of the Seventh Count of the Complaint that the appraisers were to determine the cause of the loss.

77. Deny the allegations contained in paragraph "20" of the Seventh Count of the Complaint.

78. Deny the allegations contained in paragraph "21" of the Seventh Count of the Complaint.

79. Deny the allegations contained in paragraph "22" of the Seventh Count of the Complaint.

EIGHT COUNT (As Against Hanover Insurance Company)

80. Defendants National Loss Management, National Marine Underwriters, Inc., and Hanover Insurance Company repeat and reallege the allegations in paragraphs 1 through 79 above as if fully set forth herein.

81. Deny the allegations contained in paragraph "21" of the Eighth Count of the Complaint.

82. Deny the allegations contained in paragraph "22" of the Eighth Count of the Complaint.

NINTH COUNT (As Against Hanover Insurance Company)

83. Defendants National Loss Management, National Marine Underwriters, Inc., and Hanover Insurance Company repeat and reallege the allegations in paragraphs 1 through 82 above as if fully set forth herein.

84. Deny the allegations contained in paragraph "21" of Count Nine of the Complaint.

85. Deny the allegations contained in the second paragraph "22" of Count Nine of the Complaint.

86. Deny the allegations contained in paragraph "23" of Count Nine of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That the plaintiff John DeRossi's Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That the laws of the State of Connecticut do not apply to this case, rather the case is governed by the general maritime law(s) and statutes of the United States.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That the claim(s) of plaintiff John DeRossi is barred by the doctrine of laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That the claim(s) of plaintiff John DeRossi is barred because the plaintiff John DeRossi failed and/or refused to comply with the terms contained in the marine insurance policy following the time he reported the alleged loss.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

That the claim(s) of plaintiff John DeRossi are barred because he failed to comply with the limitations period(s) contained in the policy and/or the limitations periods agreed to by the parties.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The claim(s) of plaintiff John DeRossi is barred because he spoliated material evidence.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The laws of the State of Connecticut are preempted by federal maritime/admiralty law and may not be applied to this case.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

The claim(s) of plaintiff John DeRossi is barred because he failed to comply with all of the terms and conditions of the policy.

## AS AND FOR A NINETH AFFIRMATIVE DEFENSE

The claim(s) of plaintiff John De Rossi is barred due to insufficiency of service.


Dated: Easton, Connecticut
February 27, 2004

LOVEJOY & ASSOCIATES
Attorneys for Defendants,
National Loss Management,
National Marine Underwriters, Inc.
and Hanover Insurance Company

By: _____
Frederick A. Lovejoy (CT 03121)
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

DeRossiAnswer.doc

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on February 27, 2004, postage prepaid, to:

Kevin P. Walsh, Esq.
Williams, Walsh & O'Connor
110 Washington Avenue, 2nd Floor
North Haven, Connecticut 06473

_____
Frederick A. Lovejoy