UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
JOHN DeROSSI

        Plaintiff,

-against-

NATIONAL LOSS MANAGEMENT,
NATIONAL MARINE UNDERWRITERS, INC.,
and HANOVER INSURANCE COMPANY
        Defendants.
------------------------------------X

FILED
2004 MAR 16 P 1: 03
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Case No. 3:02CV247(JCH)

March 15, 2004

SUPPLEMENTAL SUBMISSION IN SUPPORT OF DEFENDANTS
NATIONAL LOSS MANAGEMENT, NATIONAL MARINE UNDERWRITERS,
INC. AND HANOVER INSURANCE COMPANY'S MOTION FOR SUMMARY
JUDGMENT DATED MARCH 24, 2004 (DOCKET NOS. 22, 23, 24 AND 25)

On Wednesday, March 10, 2004, and subsequent to the defendants' filing of the aforementioned Motion for Summary Judgment, we were provided with a photocopy of the unofficially reported opinion in Geftman v. Boat Owners Association of the United States, 2004 AMC 80 (D.S.C. 2003). Since that decision, which holds that the South Carolina Unfair Trade Practices Act ("CUTPA") is preempted by federal admiralty/maritime law; i.e., it violates admiralty/maritime uniformity, is directly "on all fours" with the issues before this Court, we attach a photocopy herewith at Exhibit A for the Court's consideration.

Dated: Easton, Connecticut
       March 15, 2004

                         LOVEJOY & ASSOCIATES
                         Attorneys for Defendants,
                         National Loss Management,
                         National Marine Underwriters, Inc.
                         and Hanover Insurance Company

                         By: _____
                         Frederick A. Lovejoy (CT 03121)
                         P.O. Box 56
                         Easton, Connecticut 06612
                         (203) 459-9941
                         (203) 459-9943 (telefax)

DeRossiSupplemental.doc

1

# Exhibit A

BARRY GEFTMAN

v.

BOAT OWNERS ASSOCIATION OF THE UNITED STATES, ET AL.

United States District Court for the District of South Carolina (Charleston Division),

December 2, 2003

No. 202-1461-18

CONSTITUTION—31. Powers of States—DAMAGES — 172. Attorneys' Fees — 183. Punitive Damages — PRACTICE — 333. Attorney's Fees and Disbursements — STATUTES—State—South Carolina—South Carolina Unfair Trade Practice Act—S.C. Code Ann. §39-5-10 *et seq.*

A South Carolina statute prohibiting unfair methods of competition or unfair acts in trade or commerce and setting standards for awarding attorney's fees and punitive damages may not be applied in an admiralty case. The standards for allowing these damages are lower than that of admiralty law and may not conflict with it.

John Hughes Cooper, Cain Denny and John B. Kern *for Geftman*
Douglas M. Muller (Moore & Van Allen, PLLC) *for Boat Owners Assn.*
S. Scott Bluestein *for Charleston Marine Services*

DAVID C. NORTON, D.J.:

### 1. Background[1]

This is an admiralty action arising out of an incident occurring on May 6 and 7, 1999 in or around the Stono Inlet in Charleston, South Carolina. On the morning of May 6, 1999, plaintiff, Barry Geftman ("Geftman"), departed from Jacksonville, Florida for Charleston in his 48' Ocean motor yacht, the *Low Profile*, which he piloted alone. According to Mr. Geftman, he traveled without incident until approximately 3:30 p.m., when an electrical storm knocked out his electronics off the coast of Georgia. Mr. Geftman was able to restore power, but at approximately 5:30 p.m. his engines failed "within view of downtown Charleston." Mr. Geftman then radioed the U.S. Coast Guard and requested towing assistance from defendant Charleston Marine Services ("CMS"), a local TowBoatU.S. licensed towing service.

Mr. Geftman alleges that CMS responded to his request and even confirmed that it visually spotted his vessel, but nevertheless refused to provide

---

[1] Because this matter comes before the court on defendants' Motion for Partial Summary Judgment, all facts and inferences are herein construed in a light most favorable to plaintiff, the non-moving party.

him with assistance. Geftman was able to start his engines and he proceeded "towards land" and the Stono Inlet, eventually anchoring in a shoaling area just off Kiawah Island, South Carolina. However, he had to be removed from his vessel by a Coast Guard Search and Rescue helicopter. The next day, Geftman returned to his vessel with a local SeaTow affiliate, but was unable to reach the vessel or salvage her. The vessel eventually beached on Kiawah Island and a local contractor removed her.

Geftman subsequently brought this action against defendants under a variety of causes of action, including: promissory estoppel, negligence, breach of contract, breach of contract accompanied by a fraudulent act, breach of warranty of workmanlike performance, willful misconduct, breach of implied covenant of good faith and fair dealing, negligent selection, negligent misrepresentation, constructive fraud, and a violation of the South Carolina Unfair Trade Practices Act ("SCUTPA" or the "Act"). Defendants' have moved for summary judgment with respect to Geftman's SCUTPA claim. In support of this motion, defendants argue that the SCUTPA is preempted to the extent that its standards for awarding punitive damages and attorney's fees are inconsistent from those provided under federal admiralty law. For the reasons set forth below, defendants' motion is granted.

### II. Discussion

The SCUTPA, S.C. Code Ann. §39-5-10 *et seq.*, prohibits, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. . . ." S.C. Code Ann. §39-5-20(a). Under the provisions of the Act, a plaintiff must demonstrate that an act or practice has an "impact upon the public interest," in addition to establishing that it is unfair or deceptive. *Noack Enterprises v. Country Corner Interiors, Inc.*, 351 S.E.2d 347, 350 (S.C. Ct. App. 1986). This may be established by showing that the alleged acts or practices have a "potential for repetition." *Haley Nursery Co., Inc. v. Forrest*, 381 S.E.2d 906 (S.C. 1989). In terms of remedies, the Act provides for actual damages where a claim is established; however, upon a showing that the alleged act or practice was a willful or knowing violation of the Act, treble damages and attorney's fees are available. S.C. Code Ann. §39-5-140. "A willful violation occurs when the party committing the violation knew or should have known that his conduct was a violation of Section 39-5-20." S.C. Code Ann. §39-5-140(d).

Defendants argue that in contrast to the remedies provided under the SCUTPA, admiralty law follows the "American Rule," and "generally does not allow an award of attorney's fees unless there has been a showing that opposing counsel has commenced or conducted an action in bad faith, vexatiously, wantonly, or for oppressive reasons." Defendants further point out that, "a court sitting in admiralty may only award punitive damages where the defendant's actions were intentional, deliberate, grossly negligent or so wanton and reckless as to demonstrate the conscious disregard for others." Accordingly, defendants argue that inasmuch as the SCUTPA conflicts with federal admiralty law on these principles, plaintiff's state claim should be dismissed.

In support of this argument, defendants cite to several cases, two of which are particularly noteworthy. In *Delta Marine, Inc. v. Whaley*, 1993 AMC 2825, 813 F.Supp. 414 (E.D.N.C. 1993), the court ruled that North Carolina's Unfair and Deceptive Practices Act conflicted with the requirements for awarding punitive damages under admiralty law, thereby precluding an application of the Act. In so ruling, the court noted that because the North Carolina Act required only a showing of a "capacity or tendency to deceive" for an award of treble damages, the Act was preempted by the remedial scheme under admiralty law with respect to punitive damages because it "allow[ed] recovery under a much lower standard than [that] required by admiralty law." 1993 AMC at 2828, 813 F.Supp. at 417.

Similarly, in the more recent decision of *Norwalk Cove Marina, Inc. v. S/V/Odysseus*, 2001 AMC 665, 90 F.Supp.2d 190 (D. Conn. 2000), the court dismissed a claim brought under Connecticut's Unfair Trade Practices Act under essentially the same circumstances presented by the case at bar. In that case, the court held that:

There is a strong interest in maintaining uniformity in maritime law. Where a conflict arises between a state statute and judicially established admiralty law, the state law must yield to admiralty as if the admiralty law had been codified by an Act of Congress.... Admiralty law applies the "American Rule," as to attorneys fees. Therefore, the Court has discretion to award attorneys fees upon a showing that opposing counsel has commenced or conducted an action in bad faith, vexatiously, wantonly, or for oppressive reasons. The Court may award punitive damages where a defendant's actions were intentional, deliberate, grossly negligent, or so wanton and reckless as to demonstrate a conscious disregard for the rights of others. CUTPA allows for an award of attorneys fees and punitive damages upon proof of an unfair trade practice. A practice is considered an unfair practice if it: (1) offends public policy, (2) is immoral, unethical, oppressive, or unscrupulous, or (3) causes substantial injury to consumers. Accordingly, CUTPA allows for the award of attorneys fees and punitive damages without meeting the standards established for such awards in admiralty law. Since CUPTA conflicts with admiralty law, the CUTPA claim will be dismissed.

*Norwalk Cove Marina, Inc.*, 2001 AMC at 666-67, 90 F.Supp.2d at 193.

Despite this precedent favoring preemption, plaintiff makes two primary arguments for rejecting defendants' motion—neither of which are persuasive. First, plaintiff contends that in light of the holding of *American Dredging Co. v. Miller*, 510 U.S. 443, 1994 AMC 913 (1994), both *Delta Marine* and *Norwalk Cove Marina* failed to apply the appropriate analysis in determining whether state law is preempted by federal admiralty law. Plaintiff argues that in *American Dredging*, the Court articulated a three-pronged preemption analysis, in which the following issues must be addressed: (1) whether or not a state statute contravenes any acts of Congress; (2) whether the statute works any prejudice to the characteristic features of maritime law; or (3) whether the statute interferes with the proper harmony and uniformity in its international and interstate relations. Plaintiff then offers a litany of reasons explaining why the remedial scheme set forth in the SCUTPA survives such an analysis.

Plaintiff's argument, however, misses the essential point. As the Fourth Circuit has noted, whatever else *American Dredging* may stand for, it merely reaffirmed the traditional preemption analysis for admiralty cases as articulated in *Southern Pacific Co. v. Jensen*, 244 U.S. 205, 1996 AMC 2076 (1917). *See State of Md. Dep't of Nat. Resources v. Kellum*, 1995 AMC 2378, 2386, 51 F.3d 1220, 1226 (4 Cir. 1995)("[T]he rule of *Jensen* applies. The continuing vitality of *Jensen* is demonstrated by the fact that in 1994, in *American Dredging* ... eight of the nine justices depended on *Jensen* for the rule of decision."). The crux of the *Jensen* rule is that states may modify or supplement federal maritime law so long as those remedies do not, "work[] material prejudice to the characteristic features of the general maritime law or interfe[re] with the proper harmony and uniformity of that law in its international and interstate relations." *Jensen*, 244 U.S. at 216, 1996 AMC at 2084. Accordingly, there is no specific requirement that a court engage in a full-blown three-pronged analysis in determining whether a state law is preempted Rather, so long as "substantive admiralty principles are placed at risk by the potential application of state law, there

is "no leeway for variation or supplementation by state law...." *In re Amtrack "Sunset Ltd." Train Crash in Bayou Canot, Ala., on Sept. 22, 1993*, 1997 AMC 2962, 2970, 121 F.3d 1421, 1423 (11 Cir. 1997) (quoting *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 210, 1996 AMC 305, 313 (1986)).

Heightened standards for awarding attorney's fees or punitive damages are clearly "substantive admiralty principles." The court therefore finds that the decisions of *Delta Marine and Norwalk Cove Marina* are in keeping with the analytical framework set forth in *American Dredging*. Accordingly, the court additionally concludes that in the event the remedial standards provided by the SCUTPA for an award of treble damages and attorney's fees are inconsistent with those provided under the federal maritime law, then plaintiff's claim is preempted and must be dismissed.

No doubt anticipating this conclusion, plaintiff additionally argues that, "the 'willful or knowing' violation liability standard for [the SCUTPA] requires a greater showing than the maritime common law standard for punitive damages." In support of this contention, plaintiff first relies upon a hierarchy of mental capacities as elaborated in McAninch and Fairey, *The Criminal Law of South Carolina* (3d ed. 1996).[2] Even if plaintiff could persuade the court that criminal (as opposed to civil) standards could apply to this matter, the law contradicts plaintiff's position. The SCUTPA requires a *lower* standard than that set forth under federal admiralty law. For instance, "[t]he statutory definition of 'willful' has been construed by [the South Carolina] Court of Appeals to mean: if in the exercise of due diligence, a person of ordinary prudence engaged in trade or commerce could have ascertained that his conduct violates the [SCUTPA], then such conduct is willful." *Haley Nursery Co., Inc. v. Forrest*, 381 S.E.2d 906, 909 (S.C. 1989) (quoting *State ex rel. Medlock v. Nest Egg Soc. Today, Inc.*, 348 S.E.2d 381, 383-84 (S.C. Ct. App. 1986)). The statutory standard is therefore "not one of actual knowledge, but of constructive knowledge." *Nest Egg*, 348 S.E.2d at 384. In other words, the statutory standard is met if a defendant "should have known" that his or her conduct was violative of the SCUTPA.[3] *Id.*

In stark contrast, however, the South Carolina common law standard for punitive damages lacks this constructive knowledge component and focuses instead upon the deliberate, intentional, and conscious wrongdoing of a defendant. *Id.* at 383 ("At common law, the term 'willful' connotes a determination to exercise one's own will in spite and in defiance of the law."); *see also Rogers v. Florence Printing Co.*, 106 S.E.2d 258, 263-64 (S.C. 1958) ("It is the present consciousness of wrongdoing that justifies the assessment of punitive damages against the tort-feasor."). The federal admiralty law standard is clearly more analogous to the South Carolina common law standard, in that it requires the same actual (as opposed to constructive) knowledge for an award of punitive damages. In *CEH, Inc. v. F/V Seafarer*, the court observed that, "[a]lthough rarely imposed, punitive damages have long been recognized as an available remedy in general maritime actions where [a] defendant's intentional or wanton and reckless conduct amounted to a *conscious disregard of the rights of others*." 1996 AMC 467, 472, 70 F.3d 694, 699 (1 Cir. 1995) (emphasis added).

With regard to attorney's fees, the same holds true as well. Attorney's fees are awarded under admiralty law solely under a rare exception to the "American Rule." Fees are not allowed unless there has been a showing that opposing counsel has commenced or conducted an action in bad faith, vexatiously, wantonly, or for oppressive reasons. This is an entirely different standard than that set forth in the SCUTPA, where the focus is upon the actions of the defendant, not the defendant's counsel, and where fees are awarded merely when that defendant "should have known" that his or her conduct was in violation of the Act.

Accordingly, plaintiff's argument that the "willfulness" element, as required under the SCUTPA, is not inconsistent with the principles of federal admiralty law is rejected. The court therefore concludes that to the extent the SCUTPA provides for treble damages and attorney's fees, its remedial scheme is inconsistent with that provided under the federal admiralty law and, as such, plaintiff's SCUTPA claim is preempted.

### III. Conclusion

For the reasons stated above it is therefore ordered that defendants' Motion for Partial Summary Judgment be granted.

---

2. This hierarchy is set forth in descending order as follows: "(a) purpose or intent; (b) willfulness (sometimes satisfied by either intent or knowledge); (c) knowledge; (d) unintentional conduct recklessness (also called willful and wanton behavior), gross negligence (sometimes viewed as the same as recklessness), criminal negligence, simple negligence; and (c) strict liability."

3. This conclusion is not only supported by the case law interpreting the statute, but by the plain language of the statute itself. *See* S.C. Code Ann. §39-5-140(d).

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on March 15, 2004, postage prepaid, to:

Kevin P. Walsh, Esq.
Williams, Walsh & O'Connor
110 Washington Avenue, 2nd Floor
North Haven, Connecticut 06473

Frederick A. Lovejoy