UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR 16  P 2: 54

U.S. DISTRICT COURT
BRIDGEPORT, CONN

JOHN DeROSSI,

      Plaintiff,    :Civil No. 3:02 CV 247 (JCH)

   v.

NATIONAL LOSS MANAGEMENT,
NATIONAL MARINE UNDERWRITERS,
and HANOVER INSURANCE COMPANY

      Defendants.   : FEBRUARY 16, 2004

**PLAINTIFF'S OBJECTION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure the plaintiff John DeRossi, M.D. hereby objects to the defendants' Motion for Summary Judgment on the basis that there are genuine issues of fact and said Defendants are not entitled to judgment as a matter of law.

**Background Facts**

On or about June 10, 1999 the defendant, National Marine Underwriters, Inc. (NMU) as agent for the defendant, Hanover Insurance Company, issued a marine insurance contract to the plaintiff Mr. DeRossi. In October of 1999 the Plaintiff Dr. John DeRossi's boat, a 1989 Formula 311, sank while docked at Lake George, New York. The boat was insured by National Marine Underwriters. (Policy of insurance attached.) Thereafter a claim was submitted pursuant to the policy which was paid by the defendants. The boat was then stored for the balance of the calendar year 1999 and

through the beginning of calendar year 2000. Thereafter in May of 2000, the plaintiff removed the boat from storage and immediately upon operating the boat, noticed engine related problems. The plaintiff immediately reported this condition to the defendants.

Thereafter, on August 2, 2000, a period still within the one year time frame for instituting suit under the subject insurance policy, the parties submitted this matter for appraisal / arbitration pursuant to Section A of the insurance policy. To meet his requirements, the plaintiff designated Mr. Scott P. Anderson, General Manager of F. R. Smith & Sons Marina. The defendant chose Mr. Arnold Gaba of Gaba Marine Tech & Survey, Inc. Pursuant to the insurance contract, the appraisers were to pick a third person to settle differences, however, Mr. Anderson and Mr. Gaba were unable to agree upon a third appraiser and as of August 2, 2000 the parties continued along the course of submitting this matter to the arbitrators pursuant to the policy of insurance. (see attached Exhibit B, correspondence of August 2, 2000).

The parties continued to negotiate the resolution of the claim pursuant to the insurance policy by naming new appraisers who would then elect a third appraiser. Over the course of the following year, the defendant was in a position to name its replacement appraiser as was the plaintiff. Thereafter, the defendant named as their replacement appraiser, Mr. John Smith of South Carolina and the Plaintiff chose Mr. William Faulkenheimer, Jr. of East Greenbush, New York. Unfortunately, the parties, having selected the appraisers to perform their respective duties under the policy in appointing a third appraiser, were unable to agree on the notice to be sent to the appraisers and the scope of the appraisal as it relates to causation, coverage and damages. (See Exhibit C, correspondence of 2/21/2001, 2/28/2001, 6/14/2001 and 2/21/2002). When the

defendants continued to refuse to submit to the agreed arbitration process, within the policy of insurance, the plaintiff instituted legal action seeking an application for order to proceed with arbitration and the writ, summons and complaint seeking damages for breach of contract, bad faith, breach of duty of good faith and violations of Connecticut Unfair Trade Practices Act ('CUTPA'), §42a-101 et seq.

## Legal Standard for a Motion for Summary Judgment

Summary judgment is only proper when, viewed in the light most favorable to the nonmoving party, the record reveals "no genuine issues as to any material fact" and that the moving party is entitled to summary judgment as a matter of law. Silver v. City Univ. of N.Y., 947 F.2d 1021, 1022 (2d Cir. 1991); see Fed. R. Civ. P. 56(c). "Summary judgment is thus warranted when the nonmoving party has no evidentiary support for an essential element on which it bears the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). All ambiguities and reasonable inferences are resolved in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). It is the defendants' burden of showing that no genuine issue of material facts exists. See Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994).

## Law and Argument

I. **The Connecticut Unfair Trade Practice Act is not preempted by federal maritime law because absent a specific federal maritime rule, federal courts should look to state law for principles governing maritime insurance policies.**

In the case at bar the plaintiff, in his complaint, seeks an award, including punitive damages and attorneys' fees, against the defendants pursuant to the Connecticut Unfair Trade Practice. The plaintiff bases this claim on the defendant insurers' bad faith refusal

to pay, settle or arbitrate the plaintiff's claim. Maritime law does not and should not preempt CUTPA. Connecticut has a strong state interest in regulating areas such as insurance, and state law should be applied in the absence of a controlling federal statute. See Wilburn Boat Co. v. Firemans Ins., 348 U.S. 310, 320-21 (1954). In Wilburn Boat, the Supreme Court noted that state regulatory power is "particularly broad in relation to insurance companies and the contracts they make." Id. at 314, 316-21. The duty of an insurer to deal fairly and in good faith with an insured is implied by law.

The defendants challenge the applicability of CUTPA to this case, arguing that admiralty law preempts state law regarding the assessment of punitive damages and attorneys' fees. They rely mainly on Ingersoll Milling Machine Co. v. M/V Bodena, 829 F.2d 293 (2nd Cir. 1987) and American Nat'l Fire Ins. Co. v. Kenealy, 72 F.3d 264 (2nd Cir. 1995).

In Southworth Mach. Co. v. Corey Pride, 994 F.2d 37 (1st Cir. 1993), the First Circuit ruled that the defendant had breached an express warranty traditionally governed by maritime law. The language of its opinion suggests that federal maritime law does not govern the recovery of attorneys' fees pursuant to a maritime insurance contract dispute:

> State statutes providing for attorney's fees may sometimes be given effect in admiralty cases when the attorney's fees are awarded incident to a dispute that is not normally a subject of maritime law. For example, in Pace v. Insurance Company of North America, 838 F.2d 572, 578-79 (1st Cir. 1988), the Court held that maritime law did not preempt a Rhode Island state law statutory cause of action allowing recovery of damages and attorney's fees for an insurer's bad faith refusal to pay or settle claims. "The refusal to settle [insurance] claims is normally left untouched by maritime law." Southworth Mach. Co. v. F/V Corey Pride, 994 F.2d 37, 41 (1st Cir. 1993).

In American National Fire Insurance v. Kenealy, 72 F.2d 264 (2nd Cir. 1995) the Court looked to its previous holding in Ingersoll Milling Mach. Co., 829 F.2d at 309, in

which the court announced "the general rule . . . that the award of fees and expenses in admiralty actions is discretionary with the district judge upon a finding of bad faith." The Kenealy court held that "our holding in Ingersoll suffices to 'establish' a federal admiralty rule, which now must be followed instead of state law." 72 F.3d at 270.

This holding of the Kenealy Court its subsequent interpretation have received much criticism.

The Eleventh Circuit rejected Kenealy's analysis, reasoning that "the cases which underlie the court's rationale in Kenealy do not support the notion of an emerging federal rule of law relating to attorney's fees in maritime insurance litigation." All Underwriters v. Weisberg, 222 F.3d 1309, 1314 (11th Cir. 2000) (citing Robertson, 27 J. Mar. L. Com. at 566 ("It [] appears that [Kenealy] was wrongly decided. The court mistakenly took the American rule -- a general federal procedural rule -- for a substantive rule of maritime law, and wrongly used that rule to displace state substantive law.")). The Eleventh Circuit also found no reason "to require a unitary and uniform maritime federal rule respecting attorney's fees in maritime insurance litigation." Id. at 1314. Accordingly, the court held that "a district court may award attorney's fees pursuant to [the state insurance code] against an insurer in a maritime insurance contract case." Id.

The Fifth Circuit has also held that state law controls the interpretation of marine insurance policies, including questions regarding the recovery of punitive damages and attorneys' fees. See INA of Texas v. Richard, 800 F.2d 1379, 1381 (5th Cir. 1986) (collecting cases). The Richard court reasoned that:

> Having held that state law controls the interpretation of marine insurance policies, it would defy both logic and sound policy were we to hold that the applicability of attorney's fees vel non must be determined by reference to uniform federal law. As

>a polyglot of differing state laws respecting the substance of marine insurance policies is permissible, we can think of no reason, nor has one been advanced, why a unitary and uniform federal rule respecting attorney's fees in marine insurance cases is required. Id. at 1381.

Aside from the general "American rule" of fee recovery, there is no particular federal rule governing the recovery of attorneys' fees in marine insurance disputes. Thus, there is no basis for preempting state law on that issue. In <u>Great Lakes Dredge & Dock Co. v. Commercial Union Assur. Co.</u>, 2000 U.S. Dist. LEXIS 18893 (N.D. Ill. Sept. 15, 2000) the Court held that looking to state law in fee determinations under marine insurance disputes does not undermine "the strong federal interest in maintaining uniformity in maritime law." (Resp. at 2)

>The court declines to follow <u>Kenealy's</u> analysis, and holds that Illinois state law governs the City's request for attorneys' fees. <u>Id.</u>

"The whole judicial and legislative history of insurance regulation in the United States warns us against the judicial creation of admiralty rules to govern marine policy terms and warranties. The control of all types of insurance companies and contracts has been primarily a state function since the States came into being." <u>Wilburn Boat Co. v. Firemans Ins.</u>, 348 U.S. 310, 314 (1954).

The plaintiff respectfully requests that this honorable Court reject the defendants' preemption argument on the basis that CUTPA is not preempted by federal maritime law. First, there is no existing or emerging rule of substantive federal law relating to punitive damages and attorney's fees in maritime insurance litigation. Second, state law controls the interpretation of marine insurance policies, including questions regarding the recovery of punitive damages and attorneys' fees. Third, the duty of an insurer to deal fairly and in

good faith with an insured is overwhelmingly an interest historically dealt with by state law. Accordingly, the defendants Motion for Summary Judgment should be DENIED.

**II    Defendants have breached the parties agreement to arbitrate this matter, thus the Court should compel arbitration as provided for in the contract of insurance.**

Pursuant to 9 U.S.C. §1 et seq. and applicable state law, the plaintiff hereby asserts that this litigation should be stayed pending the outcome of arbitration of this matter. The defendants have breached their agreement to arbitrate this matter as evidenced in their letters and other attached proofs. When the plaintiff initially brought this action he sought the same relief as alleged here, i.e., he asked the court to compel arbitration. (See attached application for order to proceed with arbitration).

There is a strong presumption in favor of arbitration. Coca-Cola Bottling Co. v. Soft Drink and Brewery Workers Union Local 812, 242 F.3d 52, 57 (2d Cir. 2001). "Because of liberal policy of promoting arbitration, doubt is to be resolved in favor of arbitration (9 USCS § 4)". Stateside Machinery Co. v Alperin 591 F2d 234 (1979, CA3 Pa).

> Contract should be construed in favor of arbitration where scope of arbitration agreement is fairly debatable and reasonably in doubt. Long v Marion Mfg. Co. 402 F Supp 69 (1974, DC SC).

The question of whether a dispute between the parties is covered by the arbitration agreement is for the courts to decide. Galt v. Libbey-Owens-Ford Glass Co., 376 F.2d 711, 714 (7th Cir. 1967); see Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241 (1962). In Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403 (1976), the Supreme Court elaborated on the limitations provided by Section 4 of the Federal Arbitration Act. The Court stated: "Under § 4, with respect to a matter within the

jurisdiction of the federal courts save for the existence of an arbitration clause, the federal court is instructed to order arbitration to proceed once it is satisfied that 'the making of the agreement for arbitration or the failure to comply [with the arbitration agreement] is not in issue." Id. at 403.

Here, there is no dispute concerning the first requirement of 9 USCS § 4. The insurance policy provided for arbitration and the parties both initially agreed to arbitration as evidenced in the attached letters. The insurance contracted provided :

> Appraisal. If you have met the requirements of section G, and if the loss is still in dispute, you or we may demand an appraisal of the loss. Each will choose and pay a competent and disinterested appraiser. The appraisers will pick a third person to settle differences. Each will share other appraisal cost equally. Each appraiser will separately state the amount of loss. An award agreed to in writing by two of these appraisers will be the amount of loss.

The defendants failed to carry through with arbitration by failing to answer or respond to the undersigned counsel's letters and telephone calls concerning moving forward with the arbitration process. The plaintiff in this case has suffered a loss. This loss should be legitimately evaluated pursuant to the attached contract of insurance. However, the defendants have refused to move forward with the arbitration process and now seek every avenue to avoid their responsibility under the contract of insurance and their initial agreement to arbitrate.

For these reasons, the Plaintiff respectfully requests that this honorable Court issue an order staying this litigation pending the outcome of arbitration.

### Conclusion

The defendant's Motion for Summary Judgment should be denied. First, the defendants should be estopped from arguing that the plaintiff's claims are time barred

because the defendants induced the plaintiff to rely on their representations that his claim would be arbitrated, thus causing him, in good faith to pursue arbitration as a means of resolving this conflict. The defendants agreed to the arbitration process yet when the limitations period passed they revoked their agreement to arbitrate relying instead on their argument that the claim is time barred. Second, the plaintiffs CUTPA claims are valid as set forth above. Lastly, this Court should compel arbitration to resolve this litigation. It is clear that both parties initially agreed to the arbitration process, the defendants should not now be allowed to breach their initial agreement. Accordingly, for the reasons set forth above, this Court should DENY the defendant's Motion for Summary Judgment. The plaintiff hereby asserts and thereby notifies the defendants that he will be filing a supplemental brief in this matter.

        Respectfully Submitted,

        THE PLAINTIFF,
        JOHN DeROSSI, M.D.

        By His Attorney

        _____
        KEVIN P. WALSH, ESQ.
        FEDERAL BAR NO CT 08694
        WILLIAMS WALSH & O'CONNOR LLC
        110 WASHINGTON AVE, 2ND FLR
        NORTH HAVEN CT 06473
        TEL (203) 234 6333
        FAX (203) 234 6330

## CERTIFICATION

This is to certify that the foregoing has been mailed postage prepaid to the following parties of record on this 15th day of March, 2004.

Frederick Lovejoy, Esquire
Lovejoy & Associates
P.O. Box 56
Easton, Connecticut  06612

_____
Kevin P. Walsh, Esq.
Fed. Bar # 02116