# FLAGSHIP DECLARATION PAGE AND POLICY

**NATIONAL MARINE UNDERWRITERS, Incorporated**  RP 10    T 6/20/99
410 SEVERN AVE., SUITE 207, ANNAPOLIS, MARYLAND 21403 • PO BOX 4636, ANNAPOLIS, MARYLAND 21403
FOR INFORMATION CALL 1-800-BOAT INSurance (1-800-262-8467) LOCAL MD 410-268-3100 LOCAL FAX 410-268-9764 FOR CLAIMS CALL 1-800-262-8252

| COUNTERSIGNATURE | (1) PREMIUM DUE DATE | (2) NON-PAYMENT VOIDANCE DATE | POLICY PERIOD FROM | TO | TIME (ET) | REFERENCE/POLICY NO. |
|---|---|---|---|---|---|---|
| NOT REQUIRED | 6/20/99 | 6/10/99 | 6/10/99 | 6/10/00 | 12:01 AM | H 99-103-0188 |

| (3) INSURANCE COMPANY | AUTHORIZED REPRESENTATIVE | ENDORSEMENTS: |
|---|---|---|
| THE HANOVER INSURANCE COMPANY | Patricia A. Goodchild | THIS POLICY IS AMENDED TO EXCLUDE DAMAGED OR MALFUNCTIONING EQUIPMENT CAUSED IN WHOLE OR PART BY ELECTRONIC DATE RECOGNITION FAILURE. |

| POLICYHOLDER'S ADDRESS | LIEN HOLDER OR LOSS PAYEE |
|---|---|
| JOHN DEROSSI<br>64 FAR HILLS DR<br>AVON      CT 06001 | N O N E |

| ITEMS TO BE COVERED BY THE INSURANCE | AMT. OF INS. | DEDUCT. AMT. | PREMIUM |
|---|---|---|---|
| A. YACHT AND EQUIPMENT (INCLUDING ITS TENDER AND TENDER MOTOR IF SHOWN BELOW) | $ 45,000 | $ 900 | $ 1,284 |
| THEFT DEDUCTIBLE | INCLUDED | $ 4,500 | INCLUDED |
| CATASTROPHE DEDUCTIBLE | INCLUDED | $ 4,500 | INCLUDED |
| ADDITIONAL DEDUCTIBLES PER ENGINE / OUTDRIVE PER OCCURRENCE | INCLUDED | 900 | INCLUDED |
| B. PERSONAL EFFECTS | $ 500 | | INCLUDED |
| ADDITIONAL PERSONAL EFFECTS | N/A | $ 50 | NOT PURCHASED |
| C. TRAILER    (MAKE)    (YEAR) | $ | $ | $ NOT PURCHASED |
| D. YACHT LIABILITY | $ 300,000 (LIMIT OF LIABILITY) | NIL | $ 387 |
| F. MEDICAL PAYMENTS | $ 2,500 | NIL | INCLUDED |
| ADDITIONAL MEDICAL PAYMENTS | $ N/A | NIL | $ NOT PURCHASED |
| I. OTHER (Specify) EMERGENCY TOWING ASSISTANCE | $ N/A | $ | $ NOT PURCHASED |
| WAIVER OF DEPRECIATION | N/A | | NOT PURCHASED |

PARTICULARS OF ANY LOSSES OR MOVING TRAFFIC VIOLATIONS, INCLUDING AUTOMOBILE, AIRPLANE, HOME OR BOAT DURING THE PAST 3 YEARS. IF NONE SO STATE.
**NO LOSSES AND NO MOVING TRAFFIC VIOLATIONS**

HAS ANY INSURANCE BEEN REFUSED OR CANCELLED OR NON-RENEWED? (IF YES, EXPLAIN)    NO

DATE REC. 6-7-99    AMT. REC. 1,671.    APPROVED BY [signature]

| NAVIGATIONAL LIMITS WHILE AFLOAT (NAUTICAL MILES) | TOTAL DUE | 1,671 | ANY UNREPAIRED DAMAGE TO YACHT, TENDER OR MOTOR(S) |
|---|---|---|---|
| INLAND WATERS | **CHECKS DRAWN ON U.S. BANKS ONLY** | | [X] NO    [ ] YES (If yes explain) |

| ITEM | BUILDER | MODEL | YR. BUILT | TYPE | LENGTH | HULL | DATE PURCHASED | PURCHASE PRICE | AGREED VALUE | MAX. SPEED (MPH) | NO. OF ENGS | NAME OF YACHT | HULL I.D. NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| YACHT | Formula - Thunderbird | F3115R1 | 89 | P | 31 | FG | 05/89 | 82,000 | 45,000 | 50 | 2 | | TNRD9742E789 |
| TENDER | | | | | | | | | | | | | |

| ITEM | MAKE OF MOTOR | YR. BUILT | TYPE OF ENGINES | TYPE OF FUEL | HORSE POWER | SS PROP | OUTDRIVE OR ENGINE SERIAL NUMBER | WHERE IS YACHT PRIMARILY KEPT: | STATE |
|---|---|---|---|---|---|---|---|---|---|
| YACHT MOTOR(S) | Mercruiser | 89 | I/O | G | 365 | Y | S-C623770 | 2RESIDENCE IN WATER | NY |
| | Mercruiser | 89 | I/O | G | 365 | Y | P-C623761 | IS YACHT USED AS OWNER RESIDENCE    NO | |
| TENDER | | | | | | | | IS YACHT RENTED OR CHARTERED    NO | |
| TROLLING | | | | | | | | | |

### ALL INFORMATION ON THE YACHT OWNER(S) AND USER(S) MUST BE COMPLETED

| (4) NAMED OPERATOR ONLY NAME | OWNER (O) / USER (U) | OCCUPATION | DRIVER'S LICENSE NUMBER | AGE | PERCENTAGE OF USE | MARITAL STATUS | YEARS OF BOATING EXPERIENCE | COURSES COMPLETED | MOVING TRAFFIC VIOLATION | HAS DRIVER'S LICENSE EVER BEEN SUSPENDED | YEARS AS YACHT OWNER | PRIOR LOSSES | CHARGED or CONVICTED OF A DUI, DWI or OUI | CONVICTED OF A FELONY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1  JOHN DEROSSI | O | SURGEON | 194814494 | 48 | 100 | M | 35 | N | N | | 13 | NO | NO | NO |
| 2 | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | | | |

**Important Instructions! - Read Carefully!**
* Check all information for accuracy and completeness.
* Sign the original (white) copy and return it with the TOTAL DUE made payable to NATIONAL MARINE UNDERWRITERS, INC.
* Premium payment must be postmarked by the "Premium Due Date" as shown in Block One (1) or the policy will be voided effective the date shown in "Non-Payment Voidance Date" Block Two (2).
* To make premium payment by Visa or Mastercard, please call.
* No Agents Checks

Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.
I have read and understand the instructions. I am aware of the premium payment requirement. I realize that if I don't pay the premium by the due date shown in block number one (1), my policy will be voided effective the date shown in block number two (2).
The information above is the basis for this policy. I/we understand that if any of the statements are not true, then there will be no coverage under this policy.
NO coverage for RENTAL or COMMERCIAL use unless indicated.
YOU WILL BE CHARGED $25.00 FOR ALL RETURNED CHECKS.    JMS030  9as020  990716

| SIGNATURE OF APPLICANT 1ST OWNER | SIGNATURE OF APPLICANT 2ND OWNER | SIGNATURE OF APPLICANT 3RD OWNER | SIGNATURE OF APPLICANT 4TH OWNER | DATE |
|---|---|---|---|---|

# YOUR FLAGSHIP POLICY

## AGREEMENT

We will provide the insurance described in this policy in return for the premium and compliance with the policy provisions.
(If payment of your premium, for any reason, is not honored by your bank, you did not have nor do you have any coverage under this policy.)

## DEFINITIONS

Throughout this policy, "you" and "your" refer to the Named Insured on the Declaration Page. "We", "us" and "our" refer to the company providing this insurance and National Marine Underwriters, Inc. Certain words in the policy are defined as follows:

**"Named Insured"** – This means the person or organization shown on the Declaration Page of this policy as an owner of the insured yacht.
**"Insured Person"** – This means you, a family member or any other person or organization operating the insured yacht with your permission, (free of charge, unless this Policy is restricted to Named Operator(s), see Block Four (4) on Declaration Page and definition of Named Operator below). This does not include a paid master or crew member of Insured Yacht or any person or organization (or employee thereof) operating a shipyard, marina, sales agency or similar business. Insurance provided other persons or organizations under this policy does not cover their possible liability to you.
**"Named Operator"** – IF INDICATED ON THE DECLARATION PAGE, this means no coverage is provided under the policy when the insured yacht is being operated by any other than those listed as operators.
**"Family Member"** – This means a person related to you by blood, marriage, or adoption who is a resident of your household, or any other person who is a resident of household for more than 30 days, including a ward or foster child.
**"Insured Yacht"** – This means the yacht and tender shown on the Declaration Page, including spars, sails, machinery, fittings, and other equipment attached to and part of yacht, normally used in the operation or maintenance of the yacht. Moorings and cradles are excluded.
**"Tender"** – IF INDICATED ON THE DECLARATION PAGE this means the yacht's tender (dinghy) and motor, provided you are the owner, and the tender is used to service yacht, is not more than fourteen feet (14') in length, nor capable of speeds in excess of twenty-five (25) knots.
**"Personal Effects"** – This means wearing apparel, sports equipment and other personal property belonging to you, any family member, guest, or volunteer crew. It does not include money, travelers checks, securities, valuable papers or other documents.
**"Theft Deductible"** – IF A THEFT DEDUCTIBLE IS SHOWN ON THE DECLARATION PAGE, it is applicable only to the theft of the entire yacht, whether recovered or not. Bahama double deductibles DO NOT APPLY to theft of the entire yacht.
**"Port Risk Only"** – IF INDICATED ON THE DECLARATION PAGE this means that no coverage is afforded under this policy for any loss that occurs while the Insured Yacht or equipment is away from the location shown or underway.
**"Emergency Towing Assistance"** – IF INDICATED ON THE DECLARATION PAGE, we will pay you up to the limit shown on the Declaration Page for the reasonable costs incur resulting from emergency commercial towing of your yacht while afloat to the nearest place where necessary repairs can be made to it.
**"Agreed Value"** – This means you agreed with us that your yacht is worth the Amount of Insurance on the Declaration Page. In the event of a total loss or total theft we pay, at our option, the Amount of Insurance less the applicable deductible, or replace the Insured Yacht with one of like kind and quality, less applicable deductible.
**"Waiver of Depreciation"** – IF INDICATED ON THE DECLARATION PAGE this means we will settle your insured claim for partial loss or damage without considering depreciation EXCEPT SAILS.
**"Catastrophe Deductible"** – IF A CATASTROPHE DEDUCTIBLE IS SHOWN ON THE DECLARATION PAGE it is applicable if the yacht is damaged by an event that is assigned a catastrophe number by Property Claim Services. The Bahama double deductibles DO NOT APPLY to catastrophe losses.
**"Extended Cruising Endorsement"** – IF INDICATED ON THE DECLARATION PAGE AND in consideration of the premium received, it is hereby understood and agreed the navigational limits are extended to include to and from the Caribbean, but no further East than 59 degrees West longitude and no further South than 8 degrees North latitude. It is also hereby warranted that the insured vessel be South of 16 degrees North latitude by the 1st of July and remain South of this parallel through November 1st. deductibles applying during this navigation period shall be double the deductible amount shown on the Declaration Page, but as to Coverage A (Yacht & Equipment) no less $2,000. The territorial waters of CUBA, COLOMBIA, NICARAGUA, AND HAITI are excluded.
**"Convicted"** – means a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld.

## SECTION A — YACHT AND EQUIPMENT

**What We Insure.** This is an Agreed Value Policy, we cover the Insured Yacht for the amount shown on the Declaration Page, less the applicable deductible. This is maximum amount we will pay for the Insured Yacht and equipment. The maximum amount we will pay for the Tender is the Agreed Value of the Tender as shown on Declaration Page.
**Coverage Provided and Deductible.** We will indemnify the Insured the cost to repair direct and accidental physical damage, unless excluded, to the Insured Yacht and equipment, minus any applicable deductible shown on the Declaration Page and any applicable depreciation. The Bahama double deductibles do not apply to the catastrophe losses.
**Condition of Payment of Loss.** We may pay for a loss in money with proper deduction for depreciation. We may also repair or replace damaged or missing parts with parts like kind or quality. Before we pay for or replace property stolen or presumed stolen, we may return it to you, with payment for any physical damage, less the applicable deductible, as shown on the Declaration Page. If your Insured Yacht is stolen or presumed stolen, and is not found, we will pay for the loss, less the applicable deductible, our option, replace the Insured Yacht with one of like kind and quality, less the applicable deductible, after 60 days from the day you reported the loss to us. If you have met requirements of Section G. Any loss under Section A or Section C shall be payable to the Named Insured and the lien holder as shown.
When the estimated cost of the reasonable expense of recovering and/or repairing the Insured Yacht exceeds 70% of the Amount of Insurance, we may, at option, replace the Insured vessel with one of like kind and quality, less applicable deductible, or pay the Amount of Insurance less the applicable deductible. The at our option, the Insured Yacht becomes our property.
When we pay for a loss and the salvage becomes our property, you must give us clear title to the salvage. When we pay a total loss the premium is fully earned.
**Oil/Fuel Clean up or Disposal** — If you are legally obligated to clean up or dispose of oil/fuel, we will indemnify the Insured the amount necessary to attempt or actually to clean up or dispose of oil/fuel, but not to exceed 15% of the Amount of Insurance for the Insured yacht as shown in Section A (YACHT AND EQUIPMENT) on the Declaration Page. This coverage does not apply to civil penalties or fines as a result of a fuel spill or clean up.
**Emergency Expense Reimbursement** — Coverage is afforded up to $500 for reasonable reimbursement of emergency expenses you incur as a result of an insurable occurring beyond 100 miles from your primary point of debarkation. The reimbursement of these expenses is limited to temporary, economical lodging and/or transportation instances wherein continued use and/or habitation of the insured vessel is impermissable or unsafe.
**Towing.** We will pay the reasonable expense to tow your vessel from the scene of an insurable loss to the nearest repair facility.
**Abandoned Property.** We are not obligated to accept any property which you abandon to us.
**Appraisal.** If you have met the requirements of Section G, and if the loss is still in dispute, you or we may demand an appraisal of the loss. Each will choose and pay competent and disinterested appraiser. The appraisers will pick a third person to settle differences. Each will share other appraisal cost equally. Each appraiser will separate state the amount of loss. An award agreed to in writing by two of these appraisers will be the amount of loss.
**Unrepaired Damage.** We will not pay for unrepaired prior damage in addition to a payment for a subsequent total loss of the yacht and its equipment.
**Our Option of Repair.** We have the option of limiting payment to the reasonable cost of applying suitable patches, in accordance with good marine repair practice, to damaged area.
**Reinstatement of Coverage.** If your Insured Yacht is damaged, the amount of coverage for the yacht will be reduced by the amount of the damage. The coverage will automatically increased, at no additional premium, by the cost of repairs completed until the Amount of Insurance has been restored or the policy expires.

## SECTION B — PERSONAL EFFECTS

**Provided with Yacht and Equipment.** When insurance is provided under Section A Yacht And Equipment, insurance is also provided under this Section.
**What We Insure.** We cover Personal Effects while they are on board or being carried onto or off the Insured Yacht but only while the Insured Yacht is afloat.
**Coverage Provided.** We will pay for direct and accidental loss to Personal Effects, less the applicable deductible.
**Valuation.** We will pay for the actual cash value of Personal Effects, but not exceeding what it would cost to repair or replace the property with material of like kind and quality. Our liability in any one accident to Personal Effects will not be more than the amount shown on the Declaration Page.

C. **TRAILER**

**What We Insure.** We cover the trailer for the coverage provided on the Declaration Page.
**Coverage Provided.** We will pay for direct and accidental physical damage to the trailer unless excluded. We will also pay for loss as a result of the theft of the entire trailer.
**Deductible.** Each adjusted loss to the trailer will be reduced by the deductible amount shown for the trailer on the Declaration Page.
**Valuation.** We will pay for loss to the trailer without deducting any amount for depreciation. Our liability for any one loss will not exceed the Amount of Insurance shown for the trailer on the Declaration Page.
**Abandoned Property.** We are not obligated to accept any property which you abandon to us.

SECTION D **YACHT LIABILITY**

**Liability Coverage.** We will pay damages, except punitive damages, for bodily injury or property damage for which the Named Insured or any Insured Person becomes liable by reason of the ownership, operations, maintenance or use of the Insured Yacht. This does not include the trailer.
We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. Our obligation to settle or defend ends when the amount we pay for damages equals our limit of liability stated for this coverage. The number of Insured Persons does not increase the limit of liability as shown in Section D of the Declaration Page.
**Supplementary Payments.** In addition to the limit of liability shown for Yacht Liability on the Declaration Page, we will pay on behalf of a Named Insured or an Insured Person:
- Premiums on appeal bonds and other bonds required in any suit we defend, but not for bonds in amounts which exceed the limit of liability stated for Yacht Liability.
- Interest which is earned on our portion of a judgment before we make payment.
- Loss of earnings (but not of other income) of up to $50 a day for attendance at court proceedings at our request.
- Other reasonable expenses incurred at our request.

**Removal of Wreck.** If you are legally obligated to remove or otherwise dispose of the wreck of the Insured Yacht, we will pay the amount necessary to attempt to actually remove or otherwise dispose of the wreck, or the amount for which you are held legally liable for failing to do so, but not to exceed 15% of the Amount of Insurance for the Insured Yacht as shown in Section A (YACHT AND EQUIPMENT) on the Declaration Page.

SECTION F **MEDICAL PAYMENTS**

**Provided with Yacht Liability.** When insurance is provided under Section D, Yacht Liability, insurance is also provided under this section.
**Coverage Period.** We will pay the necessary medical and funeral service expenses incurred within one year from the date of an accident causing bodily injury to a person while in, upon, boarding or leaving or while water-skiing behind the Insured Yacht. Medical expenses means reasonable charges for medical, surgical, X-ray, dental, ambulance, hospital and professional nursing services. Medical expenses also include prosthetic devices.
**Limit of Liability.** Our liability in any one accident shall not exceed the amount of insurance shown for Medical Payments on the Declaration Page, regardless of the number of persons involved or claims made in the accident.
**Conditions for Payment.** A person presenting a claim for bodily injury must also:
- Submit as often as we request, to physical examinations by physicians of our choice.
- Permit us to obtain copies of medical reports and other medical records.

**UNINSURED BOATERS COVERAGE** means we will extend your medical payment coverage limit to $25,000 because of bodily injury received aboard your vessel caused by collision with an uninsured vessel.
**EXCLUSIONS.** We do not provide coverage under Uninsured Boaters Coverage:
A) for vessels owned by or furnished for your regular use or the use of a member of your immediate family or any person insured by this policy.
B) for an Insured Person using your vessel without permission.
C) where no evidence of physical contact exists between your vessel and an unidentified vessel, or where no evidence of physical contact exists between your vessel and an uninsured vessel.
D) when the vessel named in this policy is being chartered.

**LOSS SETTLEMENT.** The $25,000 limit is the most we will pay under Uninsured Boaters Coverage regardless of the number of Insured Persons, claims made, vessels involved in any one accident or series of accidents arising out of the same event. This coverage will not apply, directly or indirectly, to the benefit of any insurer under any State or Federal Compensation Law or Act.

SECTION G **DUTIES FOLLOWING A LOSS**

**Duties Following Any Loss.** In the event of any accident that might give rise to a claim under any section, any Insured or their representative must give immediate notice to National Marine Underwriters, Inc., by phone and in writing, at their address appearing in this policy, of the details involved as follows:
- As to how, when and where the loss occurred, the property involved, the names and addresses of any persons injured or killed, and the names and addresses of any witnesses.
- Immediately forward to us any legal papers or notices received in connection with the loss.
- No Insured may assume any obligation, admit any liability or incur any expenses for which we may be liable without written permission, except expenses incurred to protect damaged property from further loss.
- Cooperate with us in the investigation, defense or settlement of any loss and agree to be examined under oath if we so request.
- Permit us to examine any records needed to verify the loss and its amount.
- Take all reasonable steps to protect the Insured Yacht or other insured property from further loss. We will pay the reasonable expenses incurred in doing this.
- Give prompt notice to the Police or U.S. Coast Guard authorities upon discovery of a theft of the Insured Yacht, its equipment, Personal Effects or trailers.
- Permit us to inspect the damage to the Insured Yacht, trailer, its equipment or personal property, before it is disposed of or repaired.
- Submit a written sworn proof of loss within 60 days unless we waive this requirement in writing.

Failure to comply with these duties may result in the loss of coverage under this policy.

SECTION H **GENERAL CONDITIONS**

These conditions apply to all sections of this policy.
**Changes to Policy.** This policy contains all the agreements between you and us. No changes may be made to the policy or to the vessel unless they are in writing and approved by National Marine Underwriters, Inc.
**When and Where You Are Covered.** Coverage is provided during the policy period shown on the Declaration Page while the Insured Yacht is afloat within the navigable waters of the Continental United States of America (3 miles offshore) unless otherwise extended or restricted on the Declaration Page, on shore or being transported on land. If the navigation limits of this policy are breached because of circumstances beyond the control of the operator, by going to the aid of a vessel in distress, or by inclement weather, this policy shall remain in effect provided notice is given to National Marine Underwriters, Inc. The territorial waters of CUBA, COLOMBIA, NICARAGUA, and HAITI are excluded. All BAHAMIAN territorial waters are excluded unless otherwise extended or endorsed on the Declaration Page.
**Private Pleasure Only.** You must make certain that the Insured Yacht is used for personal or non-commercial use. Any use for which a charge is made, whether paid or not, is not covered.
**Concealment or Misrepresentation.** If any person or organization has negligently or intentionally omitted, misrepresented or concealed any material fact

writing that the Named Insured is legally obligated to pay such damages, although the amount of that obligation has been finally determined by judgment after trial. No person, organization or insured has any right under this policy to bring us into any action to determine the liability of a Named Insured or any Insured Person.

**Impairment of Recovery.** If you agree to give up your rights to recover damages from any carrier, bailee, or other party who may be liable to you, this policy will be considered void and will be without effect as to such loss. We will have the right to retain or recover the premium.

**Our Right to be Repaid.** If we make payment for a loss to anyone or on behalf of anyone who has a right to recover damages from others, we will take over that person's right, to the extent of our payment, to recover the damages. That person must cooperate with us in efforts to recover the amount which we paid, and by acceptance of our claim payment agrees to do so.

If we make payment for a loss to anyone or on behalf of anyone who also recovers damages for that loss from others, that person shall hold the proceeds of the recovery in trust for us and shall reimburse us to the extent of our payment.

**Transfer of Interest in Your Policy.** Neither you nor anyone we protect can transfer an interest in this policy without our written consent through National Marine Underwriters, Inc.

**Payment of Loss.** Payment of loss will be made within 60 days after either we reach agreement with you or your lienholder (if they are in legal possession of your yacht), a final judgment is entered in a court of law, an amount is awarded by the appraisal process and is filed with us.

**Other Insurance.** If at the time of loss there is any other insurance available, any other insurance which would apply in the absence of this policy, the insurance under this policy, shall apply only as excess insurance over the other insurance.

**Bankruptcy.** Bankruptcy of any person or organization insured under this policy does not relieve us of any of our obligations under this policy.

**Cancellation.** We may cancel this policy by written notice to you at the address shown in this policy, or last known address. Cancellation by us will be effective as of the date and time shown on the Cancellation Notice. The mailing of notice is sufficient proof of notice of cancellation. Delivery of notice shall be equivalent to mailing. When we cancel, the return premium will be pro rata. When we pay a total loss, the premium is fully earned.

To cancel this policy you must notify us in writing and the effective date of cancellation will be the postmarked date on your envelope. When you request cancellation, the return premium will be based on our short rate table with a minimum of 20% earned premium by us.

**Conformity to Statutes.** Any provision in this policy that conflicts with any State Statute is hereby amended to conform to the minimum requirements of the State statute.

**No Benefit to Bailee.** No person or organization having custody of the property insured and being paid for services as Bailee, shall benefit from this insurance.

**Non-Waiver Provisions.** No action on our part, after a loss, to recover or save the property from further loss, nor any action which we may take in connection with the investigation of any loss shall be considered as a waiver of any of our rights under this policy.

## SECTION EXCLUSIONS

A. There is no coverage under any section of this policy if the Insured Yacht:
1. is leased or rented to or hired by others, or a charge is made whether paid or not, for use of the Insured Yacht.
2. is used for any unlawful purpose.
3. is used in a manner which requires a special permit or waiver from any government or regulatory body, whether issued or not.
4. is used by anyone, even if permissive, other than those person(s) listed as Named Operator(s) if this policy is restricted to Named Operator(s) on the last page of the Declaration Page, Block Four (4) and as defined in the Definitions section of this policy above.

B. We will not pay for any loss under Section A, B and D (YACHT AND EQUIPMENT, PERSONAL EFFECTS, TRAILER):
1. Due to and confined to wear and tear, gradual deterioration (including marine life), marring, denting, scratching, chipping, electrolysis, mechanical breakdown, corrosion, rust, dampness of atmosphere, weathering, insects, or blistering.
2. Resulting from intentional acts or willful misconduct of any person insured under this policy.
3. Resulting directly or indirectly from ice, freezing or extremes of temperature.
4. Which occurs while the Insured Yacht is being operated in any race or speed test, except on "predicted log" cruises. This provision does not apply to sailboats.
5. To electrical apparatus caused by electricity other than lightning, unless fire results, and then only for the loss caused by the resulting fire.
6. Due to or caused by terrorist activities, arrest, restraint, seizure, confiscation, detention by or at the direction of any government, or caused by declared or undeclared war.
7. Due to conversion, embezzlement, or secretion.
8. Resulting from unseaworthiness of the yacht.
9. Other.
10. Any loss, damage or expense directly caused by faulty construction and/or improper design, including losses due to latent defects.
11. Any loss caused by pre-detonation or post-detonation of fuel within the motor(s).

C. We will not pay for any loss under Section D (YACHTPAL):
1. Bodily injury or property damage to anyone who is a Named Insured or an Insured Person, a family member of a Named Insured or an Insured Person under this policy, this exclusion shall not apply to Section F.
2. Bodily injury or property damage intentionally caused by or at the direction of the Named Insured or any Insured Person.
3. Bodily injury to an employee of the Insured arising out of and in the course of employment by the Insured.
4. Bodily injury or property damage arising out of the transportation of the Insured Yacht on land.
5. Punitive damages.
6. Bodily injury or property damage liability you assume by contract or agreement.
7. Pollution or contamination of any kind.
8. Bodily injury or property damage liability arising out of parasailing.

D. We will not pay for any loss under Section E (MEDICAL PAYMENTS) for any person for:
1. Bodily injury incurred during the course of employment by the Insured. Workers' Compensation or Federal Longshoremen's and Harbor Workers' Compensation benefits are required or available for the injury.
2. Bodily injury sustained while in, upon, boarding or leaving the Insured Yacht without a reasonable belief that the person is entitled to be on board the Insured Yacht.
3. Bodily injury sustained while parasailing.

E. We will not pay for any loss under any section of this policy resulting directly or indirectly from:
1. Radioactive contamination.
2. Discharge of any nuclear weapon (even if accidental), war (declared or undeclared), civil war, insurrection, rebellion or revolution, or any consequence of any of these.

**THIS POLICY IS GOVERNED BY THE LAWS OF MARYLAND.**

In Witness Whereof, we have caused this policy to be executed and attested.

BY *[signature]*
J. Barry May, President

*[signature]*
William J. Cahill, Jr., Secretary

**ALLMERICA FINANCIAL®**
**HANOVER INSURANCE**

Rev. J-1 11/98

THE EXCLUSIVE FINANCIAL RESPONSIBILITY FOR THIS CONTRACT IS ASSUMED SOLELY BY THE ISSUER DESIGNATED IN BLOCK #3 OF THE DECLARATION PAGE (SEE REVERSE).

# F.R. SMITH & SONS MARINA

SAGAMORE ROAD, BOLTON LANDING, NEW YORK 12814
P.O. BOX 87                              PHONE (518) 644-5181

August 2, 2000

Gaba Marine Tech & Survey, Inc.

Mr. Gaba;

In regard to our recent conversations involving a mutual third party. I still would like a Mercury Marine approved performance shop to evaluate this problem. I feel this is a situation that should be reviewed by a qualifed shop that specializes in performance engines.

I feel a marine surveyor, although experienced, is a "general list", this situation requires a "specialist" in engine overhaul and repair.

Since Mercury Marine is the engine manufacturer, who better qualified to select 2 or 3 performance shops for you and I to select from?

I feel this should be a fair and equitable solution to selecting a neutral third party. Please let me know your decision.

Respectfully,

Scott P. Andersen
General Manager

SPA/dpk




CRESTLINER
BOATS



# Gaba Marine Tech. & Survey, Inc.

*Yacht/Machinery and Damage Surveys*
*Insurance Claim Investigations*
*Litigation Support*

P.O. Box 727
Merrick, New York 11566-0727
1-516/868-1266 • Fax: 1-516/868-1555

2 August 2000

## FAX TRANSMISSION MEMO

TRANSMISSION TO #(518) 644-2988        PAGES (including cover)   ONE

FIRM:  SMITHS MARINE

ATTENTION:  SCOTT ANDERSON

RE:   JOHN DeROSSI - DISPUTED CLAIM APPRAISAL

Since receiving copy of your completed retainer on 25 July 2000 I have spoken with you several times about the necessity of us agreeing to a third member of the appraisal panel prior to our joint examination should our appointment of the third member become necessary.

In light of the technical & policy coverage issues I suggested qualified laboratories, technically qualified marine surveyors and a technician in your area as possible choices as the third member of the Appraisal Panel, should it become necessary to invoke their services. Additionally I have referred you to the SAMS website for you to review your possible choices of qualified personnel.

I had tentatively arranged to meet with you today if we already agreed to the third member of the panel. As you did not offer alternate choices, I postponed that tentative appointment as we discussed yesterday and I tentatively re-scheduled for tomorrow.

In conversation with you this afternoon, you stated that you would not agree to any qualified laboratory, qualified marine surveyor or even the local technician and your only choice would be a Mercruiser Performance Mechanic but you could not even offer a reference for us to interview whether any such reference would be fully qualified to evaluate all the issues in question.

Without our agreement to the identity and availability of a competent and disinterested third appraiser, under the terms of the policy "Appraisal" of this matter cannot proceed.

Please inform ASAP.


For the Firm:
Arnold Gaba, MS, AMS/SMS


SAMS Accredited • EPA/OSHA HAZ-MAT Certified • PADI Certified • SNAME, ABYC, NFPA, IAMI Affiliated



August 2, 2000       **NATIONAL · LOSS · MANAGEMENT**

John Derossi
64 Far Hills Drive
Avon, CT 06001

RE: Claim Number: H99-00829-1

Dear Mr. Derossi:

The appraisers which have been designated by National Loss Management and yourself have been unable to fulfill their duties as prescribed in the policy. Please refer to your policy:

> Appraisal. If you have met the requirements of Section G, and if the loss is still in dispute, you or we may demand an appraisal of the loss. Each will choose and pay a competent and disinterested appraiser. ***The appraisers will pick a third person to settle differences.*** Each will share other appraisal cost equally. Each appraiser will separately state the amount of loss. An award agreed to in writing by two of these appraisers will be the amount of loss.

As such, please pick a new appraiser and advise us of his name by August 10, 2000 as we shall be doing the same.

Very truly yours,

**NATIONAL LOSS MANAGEMENT**

*Bonnie S. Reed*
Bonnie S. Reed
Claims Examiner
1-800-262-8252

cc: Arnold Gaba (516-868-1555) & Scott Anderson (518) 644-2988

P.O. BOX 4908 • 410 SEVERN AVENUE • SUITE 204 • ANNAPOLIS, MARYLAND 21403
(410) 268-3228 • 1-800-BOAT-CLAIms • 1-800-262-8252 • FAX (410) 268-3229