| | | | |
|---|---|---|---|
| RETURN DATE: | FEBRUARY 12, 2002 | : | SUPERIOR COURT |
| JOHN DeROSSI | | : | J.D. OF NEW HAVEN |
| VS | | : | AT NEW HAVEN |
| NATIONAL LOSS MANAGEMENT; NATIONAL MARINE UNDERWIRITERS, INC.; And HANOVER INSURANCE COMPANY | | : | JANUARY 11, 2002 |

### APPLICATION FOR ORDER TO PROCEED WITH ARBITRATION

TO THE SUPERIOR COURT for the Judicial District of New Haven at New Haven, State of Connecticut now comes JOHN DEROSSI, seeking an Order directing NATIONAL LOSS MANAGEMENT, NATIONAL MARINE UNDERWRITERS, INC. AND HANOVER INSURANCE COMPANY to proceed with arbitration and complains and says:

1. NATIONAL LOSS MANAGEMENT, NATIONAL MARINE UNDERWRITERS, INC. AND HANOVER INSURANCE COMPANY hereinafter referred to as the Respondents, were corporations transacting business in this state issuing and adjusting the policy hereinafter referred to.

2. In consideration of the premium specified in the policy, the Respondents issued to and adjusted with John DeRossi a policy of insurance hereinafter referred to as the Hanover policy of insurance, wherein the Respondents agreed to pay all sums which the insured or his legal representatives shall be legally entitled to recover as damages because of property damage sustained by the insured as the result of damage and loss sustained to his boat.

3. The Hanover Insurance Company policy further provides that if an insured and the Respondents should fail to agree whether such insured is legally entitled to recover such damages

and/or the amount thereof, such determination shall be made by arbitration (a three person panel).

4. At all times mentioned herein, when the policy of Hanover Company was in full force and effect, the plaintiff, John DeRossi, sustained damage to his boat, a 1989 Formula 311, Thirty One Foot in length. The boat sunk as a result of a severe storm and was immediately thereafter raised, repaired and stored. This type of damage was adjusted, compromised and paid ultimately by Respondents. In May of 2002 plaintiff retrieved his boat and first noticed additional damage sustained to the boats engine.

5. Thereafter in the spring/early summer of 2000, plaintiff notified Respondents of the damage. Respondents denied the claim and notified the plaintiff of the arbitration requirements of the policy. Plaintiff has since that time attempted to convene arbitration to no avail.

6. Attached hereto are the correspondences between the parties documenting the acknowledgement of arbitration procedure, the plaintiffs requested demands for arbitration and a copy of the applicable policy. (See Exhibits A-F attached hereto)

7. The Respondents have been duly notified of the aforementioned incident, the resulting losses and the plaintiff has remained prepared to performs those items required of him under the terms of his insurance policy.

8. On April 9, 2001, through his attorney, plaintiff identified William J. Falkenheimer as his

arbitrator by virtue of a letter addressed to Frederick Lovejoy, counsel for Respondents. Further, notification was made on June 14, 2001. Written demand was again made 8/18/01, 10/8/01, 12/4/01 and 12/17/01.

9. Despite said letters, the Respondents have not yet appointed an arbitrator with respect to this matter.

10. Although the plaintiff is ready and willing to perform the agreement for arbitration, the Respondents have neglected or refused to do so.

The plaintiff claims an order directing the Respondents to proceed with arbitration in compliance with the terms of policy and that the court appoint a single arbitrator on behalf of the respondents.

RESPECTFULLY SUBMITTED
THE CLAIMANT/INSURED
JOHN DEROSSI

BY _____
Kevin P. Walsh
Cella, McKeon & Williams
Juris No.: 09051

STATE OF CONNECTICUT
                    ss: Wallingford,    January 24, 2002
COUNTY OF NEW HAVEN

The within Application For Order to Proceed With Arbitration, Order, Certification into Court, Writ, Summons, Complaint and Exhibit's is being served to the within named foreign corporation defendant, NATIONAL LOSS MANAGEMENT, AGENT FOR SERVICE: FRANK W. BEACHLEY, 410 Severn Avenue, Suite 207, Annapolis, MD 21403 pursuant to Section 33-929 of the Connecticut General Statutes, with my endorsement thereon.

ATTEST:

TIMOTHY S. WALL
STATE MARSHAL
NEW HAVEN COUNTY