UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 APR 16  P 1: 44
U.S. DISTRICT COURT
BRIDGEPORT CONN

------------------------------------X
JOHN DeROSSI,
        Plaintiff,

        -against-

Case No. 3:02CV247(JCH)

NATIONAL LOSS MANAGEMENT,
NATIONAL MARINE UNDERWRITERS, INC.,
and HANOVER INSURANCE COMPANY,
        Defendants.
------------------------------------X

April 16, 2004

**DEFENDANTS NATIONAL LOSS MANAGEMENT, NATIONAL MARINE UNDERWRITERS, INC., AND HANOVER INSURANCE COMPANY'S REPLY TO "PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT" DATED FEBRUARY (SIC) 16, 2004 (DOCKET NO. 33)**

Now come defendants National Loss Management, National Marine Underwriters, Inc. and Hanover Insurance Company, and for their reply to "Plaintiff's Objection to Defendants' Motion for Summary Judgment" dated February (sic) 16, 2004 (Docket No. 33), state as follows:

FIRST: The plaintiff, John DeRossi, has failed to object to any of the allegations contained in the defendants National Loss Management, National Marine Underwriters, Inc. and Hanover Insurance Company's Local Civil Rule 56(a)(1) Statement in support of their Motion for Summary Judgment, and this Summary Judgment should be granted by the Court on that basis alone; i.e., plaintiff John DeRossi has failed to file a Local Civil Rule 56(a)(2) Statement.[1]

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

---

[1] Counsel for plaintiff John DeRossi's failure to file a Local Civil Rule 56(a)(2) Statement is yet another example of his failing to abide by this Court's Rules or with the agreements he entered into with defendants National Loss Management, National Marine Underwriters, Inc. and Hanover Insurance Company.

1

SECOND: Plaintiff John DeRossi's citation to the minority view concerning the recovery of attorney's fees in admiralty cases, all the opinions of which were decided by Courts outside the Second Circuit, should not be followed by this Court for a number of reasons:

A) All of the cases decided by either the federal or state courts in Connecticut, concerning the applicability of "CUTPA" claims, have ruled that the Connecticut Unfair Trade Practices Act "CUTPA" is not applicable as it conflicts with federal admiralty/maritime law principles and is thus preempted. See: Norwalk Cove Marina, Inc. v. S/V ODYSSEUS, 90 F.Supp. 190 (D. Conn. 2000), and Andrew Rocco v. Continental Insurance Company, CV-99-0171669-S (X05), November 22, 2002 (Complex Litigation Docket).

B) All of the cases involving the conflict between the burden of proof and the availability of punitive damages under state unfair practices acts have been held to conflict with the applicable burdens and/or law established at admiralty/maritime law and are thus preempted by federal admiralty/maritime law; i.e. cannot be applied.

C) The Second Circuit Court of Appeals has specifically held that in this Circuit, attorney fees <u>are</u> <u>not</u> recoverable in a case which is subject to admiralty/maritime law principles. In fact, the opinion in American National Fire Insurance Co. v. Kenealy, 72 F.3d 264 (2d Cir. 1995) cited in defendants National Loss Management, National Marine Underwriters, Inc. and Hanover Insurance Company's moving papers was a case that involved whether or not coverage existed under a marine insurance policy.

THIRD: Plaintiff John DeRossi's request that this Court should compel arbitration at this time should be denied by this Court. Contrary to the inaccurate recitation of the facts by plaintiff John DeRossi's counsel, plaintiff John DeRossi failed to timely engage in the appraisal process

contemplated by the provisions of the marine insurance policy, not only on one occasion but on two separate occasions.

As clearly demonstrated in the moving papers of defendants National Loss Management, National Marine Underwriters, Inc. and Hanover Insurance Company, the parties agreed to go forward with the appraisal process dictated in the policy, with a contracted limitations period of July 1, 2001, a date set by counsel for plaintiff John DeRossi, Kevin P. Walsh, Esq., himself. (See Exhibit B to "Defendants National Loss Management, National Marine Underwriters, Inc. and Hanover Insurance Company's Memorandum Of Law in Support of the Motion for Summary Judgment," dated February 24, 2004 (Docket No. 23)).

Simply put, the plaintiff John DeRossi, through his agent Kevin P. Walsh, Esq., breached that agreement in two respects: 1) he failed to timely appoint their appraiser so that the appraisal might be conducted prior to the date line set by Kevin P. Walsh, Esq., and 2) after agreeing to continue with the appraisal as stated in the marine insurance policy, he attempted to alter the terms thereof, by demanding a full-fledged adversarial process in which attorneys would be involved and witnesses would be called.

Because the plaintiff John DeRossi breached the agreement to conduct the appraisal by July 1, 2001, and then failed to file suit by the limitations cut-off agreed to by the parties; i.e., July 31, 2001 (suggested, in fact, by Kevin P. Walsh, Esq. and agreed to by defendants National Loss Management, National Marine Underwriters, Inc. and Hanover Insurance Company), the defendants' Motion for Summary Judgment should be granted.

FOURTH: Because not all of the bases that defendants National Loss Management, National Marine Underwriters, Inc. and Hanover Insurance Company have asserted in their Motion for Summary Judgment, dated February 24, 2004, (Docket No. 22); i.e. POINT IV,

3

POINT V, POINT VI and POINT VII, have been opposed by plaintiff John DeRossi in his February (sic) 16, 2004 "Plaintiff's Objection to Defendants' Motion for Summary Judgment" (Docket No. 33), this Court should grant defendants National Loss Management, National Marine Underwriters, Inc. and Hanover Insurance Company's Summary Judgment on those issues, if the Court is not inclined to grant defendants National Loss Management, National Marine Underwriters, Inc. and Hanover Insurance Company's Motion for Summary Judgment in its entirety.

FIFTH:  The plaintiff John DeRossi's heavy reliance on Wilburn Boat Co. v. Fireman's Fund Insurance Co., 348 U.S. 310 (1955) is misplaced.[2] Simply put, the U.S. Supreme Court in Wilburn Boat was addressing the issue of <u>written warranties in a marine insurance contract</u>; i.e., the opinion is limited to the issue of warranties in marine insurance policies, and nothing more. It stated:

> Consequently, the crucial questions in this case narrow down to these:
> (1)   Is there a judicially established federal admiralty rule <u>governing warranties</u>?
> (2)   If not, should we fashion one?

What the U.S. Supreme Court also clearly stated in Wilburn Boat was that if there is a federally established maritime doctrine, then it preempts state law.

Professor Thomas Schoenbaum, a leading scholar on admiralty law, states in his treatise with respect to the Wilburn Boat case:

> Wilburn Boat does not change the initial inquiry of the courts in interpreting a policy of marine insurance to determine whether there is an established federal maritime rule. The Supreme Court in Wilburn Boat affirmed that if there is a federal admiralty rule – <u>even a judge-made rule – state law may not override it</u>.

---

[2] This Court, itself, recognized admiralty preemption when it applied the admiralty/maritime doctrine of <u>uberrimae fidei</u>, as opposed to Connecticut state law, in a yacht policy dispute denoted as: <u>Cusano v. Continental Casualty Company</u>, 2002 AMC 1499 (D.Conn. 2002) (3-00-CV-2048 JCH).

4

Admiralty and Maritime Law (3d Ed. 2001) T. Schoenbaum (§19-2) (emphasis added)

By way of example, numerous cases have held that certain issues arising in marine insurance policy disputes are <u>addressed by established rules of federal maritime law, and thus preempt any state law/statute</u> to the contrary. See: <u>Commercial Union Ins. Co. v. Sea Harvest Seafood Co.</u>, 247 F.3d 1022 (10th Cir. 2001) [construction of "derangement or breakdown of the refrigeration machinery" clause in cargo policy is a matter of federal law]; <u>Continental Casualty Company v. Anderson Excavating & Wrecking Co.</u>, 189 F.3d 512, 1999 AMC 2714 (7th Cir. 1999) [federal law governs whether insurer was liable to named-insured charterer in its own capacity]; <u>Thank Long Partnership v. Highlands Ins. Co.</u>, 32 F.3d 189, 1995 AMC 203 (5th Cir. 1994) [interpretation of "due diligence" clause of Inchmaree Clause is governed by entrenched federal maritime law]; <u>American National Fire Ins. Co. v. Kenealy</u>, 72 F.3d 264, 1996 AMC 584 (2nd Cir. 1995) and <u>La Reunion Francaise v. Florida Yacht Charters & Sales, Inc.</u>, 2000 AMC 1953 (S.D. Fl. 2000) [awards of attorney fees in marine insurance cases is matter of federal law]; <u>Lexington Ins. Co. v. Cooke's Seafood</u>, 834 F.2d 1364, 1988 AMC 1238 (11th Cir. 1988) [maritime law recognizes a rule that breach of a trading warranty suspends coverage under a marine hull policy irrespective of a causal relationship between the breach and the loss]; <u>Underwriters at Lloyd's v. Denali Seafood, Inc.</u>, 729 F.Supp. 721 (W.D. Wa. 1989), affirmed 927 F.2d 459 (9th Cir. 1991) [absent an express clause to the contrary, an insurer under a P&I policy has a duty to defend its insured against any alleged claim that potentially falls within the scope of policy coverage]; <u>Commodities Reserve Co. v. St. Paul Fire & Marine Ins. Co.</u>, 89 F.2d 640, 1989 AMC 2409 (9th Cir. 1989) [federal maritime law governs rules of proximate cause relative to marine insurance claims]; <u>Suma Fruit International v. Albany Insurance Co.</u>, 122 F.3d 34,

1997 AMC 2741 (9th Cir. 1997) [the interpretation of a reefer breakdown clause in a cargo policy is a matter of established federal law]; <u>City & County of San Francisco v. Underwriters at Lloyd's</u>, 141 F.3d 1371, 1998 AMC 1617 (9th Cir. 1998) [the issue of coverage under a P&I policy for a named insured "as owner" of a vessel is a matter of federal law]; <u>Kimia v. Royal Ins. Co.</u>, 2001 AMC 708 (6th Cir. 2000) (held that determination of causation/proximate under a Free of Capture & Seizure clause in a marine insurance policy is a matter settled maritime rule on the issue). The matter of application of the <u>Wilburn Boat</u> rule is discussed by Beer, Comment, <u>Established Federal Admiralty Rules in Marine Insurance Contracts and the Wilburn Boat Case</u>, 1 U.S.F. Mar. L.J. 1, 1 U.S.F. Mar. L.J. 149 (1989).

As such, there is, in fact, an established admiralty/maritime rule preempting state unfair trade practices acts and attorney's fees in admiralty/maritime law cases, and admiralty court should apply it herein.

LAST. Plaintiff John DeRossi's claims that the defendants National Loss Management, National Marine Underwriters, Inc. and Hanover Insurance Company should be estopped from enforcing the July 31, 2001 limitations period and should be now compelled to arbitrate the insured's claims based on stale and/or non-existent evidence should be rejected by this Court.

Simply put, this is not a case where an unrepresented insured might have misunderstood his rights, but a case where he retained experienced legal counsel who entered into agreements on behalf of his client that bound the insured to perform certain acts prior to the agreed-to deadlines.

Here, plaintiff John DeRossi and counsel well knew of their rights and obligations, and chose to ignore the agreements that they entered into, <u>and on which the defendants relied</u>. If there is any equitable estoppel to be applied in this case, which defendants believe there is not, it is the plaintiff that should be estopped from breaching the agreements and dates that defendants relied

on in having the counsel's claim appraised quickly in a non-adversarial setting as agreed to in the marine insurance policy.[3]

## CONCLUSION

Based on the foregoing, and on defendants National Loss Management, National Marine Underwriters, Inc. and Hanover Insurance Company's papers filed in support of their Motion for Summary Judgment, dated February 24, 2004 Summary Judgment should be granted in this case.

Dated: Easton, Connecticut
       April 16, 2004

LOVEJOY & ASSOCIATES
Attorneys for Defendants
National Loss Management,
National Marine Underwriters, Inc.
and Hanover Insurance Company

By: _____
Frederick A. Lovejoy (CT 03121)
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

DeRossiReply2.doc

---

[3] If this Court decides that the July 31, 2001 limitations period agreed to by the parties does not apply, then this Court should apply the one (1) year limitations period contained in the marine insurance policy.

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been mailed, postage prepaid, this 16th day of April, 2004, to the following:

Kevin P. Walsh, Esq.
Williams, Walsh & O'Connor
110 Washington Avenue, 2nd Floor
North Haven, Connecticut 06473

Frederick A. Lovejoy