UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 APR 16  A 11: 58
U.S. DISTRICT COURT
BRIDGEPORT, CONN

JOHN DeROSSI,

     Plaintiff,

v.

NATIONAL LOSS MANAGEMENT,
NATIONAL MARINE UNDERWRITERS,
and HANOVER INSURANCE COMPANY

     Defendants.

:02CV247SUP OBJ
:Civil No. 3:02 CV 247 (JCH)

April 8, 2004

**PLAINTIFF'S SUPPLEMENTAL OBJECTION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**Preliminary Statement**

The plaintiff John DeRossi, M.D. hereby submits a supplemental memorandum of law in support of his objection to summary judgment. Also attached hereto is a local rule 56(a)2 statement. This supplemental brief is submitted in response to defendants' supplemental brief and original brief.

**Law and Argument**

**I. Equitable estoppel**

The defendants should be estopped from asserting the defense of the statute of limitations because the defendants induced the plaintiff to rely on their representations that his claim would be arbitrated, thus causing him, in good faith to pursue arbitration as a means of resolving this conflict. The defendants agreed to the arbitration process yet

when the limitations period passed they refused to honor their agreement to arbitrate relying instead on their argument that the claim is time barred.

The plaintiff asserts that the defendants are barred by the doctrine of equitable estoppel from pleading the statute of limitations because they have "misrepresented the length of the limitations period or in some other way ha[ve] lulled the plaintiff [their insured] into believing that it was not necessary for him to commence litigation.'" Dillman v. Combustion Eng'g, Inc., 784 F.2d 57, 61 (2d Cir. 1986) (quoting Cerbone v. ILGWU, 768 F.2d 45, 50 (2d Cir. 1985)).

Estoppel is appropriate in this case because issues of fact exist as to whether the defendants "(i) made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it'; and (ii) 'the plaintiff reasonably relied on that misrepresentation to his detriment.'" Kavowras v. N.Y. Times Co., 328 F.3d 50 (2d Cir. 2003); Wall v. Constr. & Gen. Laborers' Union, Local 230, 224 F.3d 168, 176 (2d Cir. 2000); Buttry v. Gen. Signal Corp., 68 F.3d 1488, 1493 (2d Cir. 1995).

The defendants have failed to meet their burden of production to overcome the plaintiff's claims based upon equitable estoppel. Essentially, the defendants are arguing that dates were set by the parties and these dates were not met thus there can be no equitable estoppel. This is not the law in the second circuit. The elements of equitable estoppel are stated in Kavowras above. The defendants have failed to squarely address the elements of equitable estoppel and they have failed to offer any proof that plaintiffs will not be able to prove an essential element of the same at trial.

Substantive law identifies which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Here, the defendants have missed point and have not

even identified the substantive law upon which they seek to preclude the plaintiff, John DeRossi, from a fair trial. The defendants have failed to establish a prima facie case for summary judgment and thus their motion should be denied.

The defendants have failed to meet their burden of production with respect to the issue of equitable estoppel, but even if they did, genuine issues of fact exist which should preclude summary judgment in this case. It is undisputed that the defendants agreed to resolve this dispute through arbitration as outlined in the policy of insurance. (See attached Exhibit A.)

As stated in defendants' brief on page 12, the parties agreed to start the arbitration process as an alternative to commencing litigation. The plaintiff named his arbitrator by letter dated June 14, 2001, within the period provided for resolution of this matter. (See Exhibit B.) As of the day of the appointment of the plaintiff's arbitrator on June 14, 2004, there was clearly enough time to proceed and finish with the arbitration process, yet the defendant took no action. Furthermore issues of fact exist as to whether there was enough time to arbitrate this matter after the June 14, 2004 naming of the plaintiff's appraiser. For these reasons genuine issues of fact exist as to whether the defendants' representations induced the plaintiff to forego the commencement of litigation; relying in good faith on the belief that the defendants would instead finish with the arbitration process.

Respectfully Submitted,

THE PLAINTIFF,
JOHN DeROSSI, M.D.

By His Attorney,

_____
KEVIN P. WALSH, ESQ.
FEDERAL BAR NO CT 08694
WILLIAMS WALSH & O'CONNOR LLC
110 WASHINGTON AVE, 2ND FLR
NORTH HAVEN CT 06473
TEL (203) 234 6333
FAX (203) 234 6330

## **CERTIFICATION**

This is to certify that the foregoing has been mailed postage prepaid to the following parties of record on this 6th day of April, 2004.

Frederick Lovejoy, Esquire
Lovejoy & Associates
P.O. Box 56
Easton, Connecticut  06612

_____
Kevin P. Walsh, Esq.
Fed. Bar # 02116

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DeROSSI, : | |
| Plaintiff, : | Civil No. 3:02 CV 247 (JCH) |
| v. : | |
| NATIONAL LOSS MANAGEMENT, : NATIONAL MARINE UNDERWRITERS, : and HANOVER INSURANCE COMPANY : | |
| Defendants. : | April 6, 2004 |

## LOCAL RULE 56(a)2 STATEMENT

The plaintiff in this section will hereby admit or deny the corresponding paragraphs contained in the defendants 56(a)1 statement:

1-2.   Admit.

3-5.   Admit that Hanover Insurance was involved with the insuring of the plaintiff's vessel. (See Policy of Insurance) (See 28 U.S.C. §1746 of Logan ¶3-5.)

6.   Admit.

7.   Admit, that after Mr. DeRossi's vessel was returned and after his first opportunity to use the vessel after said repair he discovered engine damage associated with the sinking of the vessel for which he submitted a claim.

8.   Admit that National Loss Management's surveyor disagreed as to the cause of the damage.

9.   Admit, that National Loss Management denied said claim.

10.   Admit.

11. The defendants' appointed surveyor refused to abide by the terms of the policy appraisal provisions by refusing the suggestions of Mr. DeRossi's appraiser and refusing to offer any alternative appraisers. (See attached Gaba Letter to Anderson dated 2 August 2000, Exhibit A)

12. Deny.

13. Deny that Mr. DeRossi refused to select a substitute appraiser, his retention of counsel to protect his rights is not evidence of noncompliance with the contract of insurance.

14. Admit.

15. Deny.

16. Deny.

17. Deny.

18. Deny.

19. Admit that plaintiff appointed an appraiser on June 14 2003..

20. Deny that there was insufficient time to complete the appraisal process.

21. Deny that the suit deadline was valid.

22. Admit.

23. Deny.